Stuart KELLERMAN, Plaintiff-Appellant,

v.

Reubin ASKEW, Governor of the State of Florida, Oliver J. Keller, Secretary of the Florida Department of Health and Rehabilitative Services, Louis Wainwright, Director of Prisons, Annabelle Mitchell, Deputy Director of the Bureau of Prisons and Dave Bachman, Assistant Director of the Division of Prisons, Defendants-Appellees.

No. 75–2280.

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1976.

**1090**

Warren S. Schwartz, N. Miami Beach, Fla., S. George Berkley, Miami, Fla., for plaintiff-appellant.

Raymond W. Gearey, Jr., Fla. Div. of Corrections, Thomas M. Beason, Asst. Atty. Gen., Dept. of Legal Affairs, Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before BROWN, Chief Judge, THORN-BERRY [*], Circuit Judge, and MILLER [**], Associate Judge.

PER CURIAM:

Stuart Kellerman brought this § 1983 action seeking monetary damages and an injunction[1] against the Governor of the State of Florida and various other state officials and supervisory personnel of the Florida Division of Corrections. The lower court granted summary judgment to the respondents, holding that Kellerman must either show personal knowledge by the respondents of the wrongful acts complained of or must bril suit against the medical personnel who allegedly failed to give the necessary treatment. Although we are importuned to orbit into unknown or yet untracked apogees of responsibility under § 1983, the case turns on familiar, but often ignored, limitations on summary judgment. We reverse and remand.

42 U.S.C. § 1983 gives a remedy at law or in equity to any person for infringement of his civil rights by one who acts under color of state authority.[2] Kellerman

---

[*] Judge Thornberry was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum.

[**] Of the U.S. Court of Customs and Patent Appeals, sitting by designation.

1. Kellerman's motion for equitable relief is now moot due to his having been paroled in December 1974.

2. "Every person who, under color of any statute, ordinance, regulation, custom, or usage,

asserts that the denial of medical treatment and the mistreatment of his medical problems from approximately July 9, 1974 until December 1974 caused him to suffer cruel and unusual punishment, denied him due process and produced serious and irreversible degenerative changes in his body. While it is undisputed that none of the named respondents personally caused the deprivation complained of, it is Kellerman's contention that they are liable for nonfeasance as well as misfeasance. Indeed, this Court has held that inaction on the part of governmental agencies can result in constitutional deprivations. *Jennings v. Patterson*, 5 Cir., 1974, 488 F.2d 436. Thus, Kellerman's suit is founded on the respondents' knowledge of his need for medical treatment and failure to make inquiries or take affirmative steps to secure treatment for him. He alleges that this constitutes acquiescence by the respondents in the acts of their subordinates.[3]

The lower court based its ruling on the theory that Kellerman had to show *actual* knowledge and acquiescence. On appeal Kellerman contends that he only needed to show that the respondents could be *charged* with knowledge. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214, a 1975 Supreme Court decision is dispositive of this issue. In *Wood* the Court was addressing the issue of § 1983 immunity for school board members who exercised good faith in their actions. They held that the test of good faith contains elements of both an objective and subjective standard.

"The official himself must be acting sincerely and with the belief that he is doing right, but *an act violating a student's*

*constitutional rights can be no more justified by ignorance or disregard of settled indisputable law on the part of one entrusted with supervision of students' daily lives than by the presence of actual malice.*" (Emphasis added).

*Wood, supra* at 321, 95 S.Ct. at 1000.

■ The rule is equally applicable to the respondents named herein. They all hold positions as public officials and before they can be exonerated from § 1983 liability on summary judgment it must be shown that there is no actual controversy as to whether the system they established was not deficient in affording minimal constitutional conditions of confinement and treatment. A mere denial of knowledge is not sufficient under *Wood* because the Court went on to say

". . . (a) school board member is not immune from liability for damages under § 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the student affected or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the student."

*Wood, supra* at 322, 95 S.Ct. at 1001.

■ And of course the partial immunity of any one of more or all of the respondents requires for summary judgment a demonstration that there is no actual controversy as to what each did and its legal sufficiency as to good faith.

■ We make no intimation on the outcome of this case with respect to the respondents. That must be determined through further proceedings.[4]

---

of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

3. Kellerman's claim is not founded on a charge of vicarious liability through the doctrine of respondeat superior. That doctrine does not require a showing of knowledge on the part of the master.

4. Of course in assaying the issues for further proceedings on remand, the Trial Court must recognize that absent a showing of bad faith no compensatory damages may be awarded.

"A compensatory award will be appropriate only if the school board member has acted with such an impermissible motivation or with such disregard of the students' clearly established constitutional rights that his action cannot reasonably be characterized as being in good faith."

*Wood, supra* at 322, 95 S.Ct. at 1001.

■ The District Court erred in granting defendants' motion for summary judgment. A party seeking summary judgment has the burden of showing that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. *Melancon v. Insurance Company of North America*, 5 Cir., 1973, 482 F.2d 1057. The party opposing the motion is to be given the benefit of all reasonable doubt in determining whether a genuine factual issue exists. *Heyward v. Public Housing Administration*, 5 Cir., 1956, 238 F.2d 689.

■ Applying these principles to this case we find Kellerman's allegations sufficient that at least three of the respondents had actual notice or knowledge of his problem and that the others, while they may not have had personal knowledge, could be charged with knowledge due to their failure to make inquiries.[5] Although the rule does not permit, nor have our decisions recognized, that the adversary can stand on pleadings alone, the burden was on the movants to establish a lack of controversy. The State, however, offered only one affidavit, which did not meet the standards of Federal Rules of Civil Procedure 56(c) and which denied generally knowledge or participation by a single respondent. To the extent that the State failed to demonstrate that as to each of the respondents it failed to meet its burden in a summary judgment motion. Accordingly it was error to grant summary judgment. We emphasize again, as we so often have, that this does not forecast either a full blown trial, a motion for directed verdict or, for that matter a summary judgment on a factual showing which meets the Rules and substantive principles. See *Cook & Nichol, Inc. v. Plimsoll Club*, 5 Cir., 1971, 451 F.2d 505, 506; *Pred v. Board of Public Instruction of Dade County, Florida*, 5 Cir., 1969, 415 F.2d 851, 853; *Webb v. Standard Oil Co.*, 5 Cir., 1969, 414 F.2d 320; *Barber v. Motor Vessel "Blue Cat"*, 5 Cir., 1967, 372 F.2d 626; *Arthur H. Richmond Co. v. Harper*, 5 Cir., 1962, 302

F.2d 324; *Millet v. Godchaux Sugars*, 5 Cir., 1957, 241 F.2d 264.

REVERSED.