**E. A. GREGORY and Vonna Jo Gregory, Plaintiffs–Appellants,**

v.

**Dennis M. MITCHELL, etc., et al., Defendants–Appellees,**

**Federal Deposit Insurance Corporation, Intervenor–Appellee.**

No. 79–3036.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1981.

Rehearing Denied Feb. 11, 1981.

E. A. Gregory, pro se.

Vonna Jo Gregory, pro se.

Steiner, Crum & Baker, R. E. Steiner, III, Montgomery, Ala., for Mitchell, Grimsley, Rainer, Crump, Strother and McGahay.

Smith, Bowan, Thagard, Crook & Culpepper, Charles M. Crook, Montgomery, Ala., for FDIC, First Ala. Bancshares, Inc., First Ala. Bank, N.A., Notasulta.

Before DYER, RUBIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

This case was consolidated for oral argument with the cause entitled *Gregory v. Mitchell*, 634 F.2d 199 (*Gregory I*), this date decided, in which we affirmed the district court's dismissal of plaintiffs' complaint.

The instant suit (*Gregory II*) was filed in Alabama State Court by E. A. Gregory, Vonna Jo Gregory and First Bank of Macon County against Dennis M. Mitchell, the Alabama Superintendent of Banks, the Alabama State Banking Board and its six members individually, First Alabama Bancshares, Inc., and First Alabama Bank, N.A. The petition alleged the following state law claims:

1. The seizure and sale of the assets of the First Bank of Macon County (Bank) were arbitrary and capricious;

2. The seizure and sale of the Bank's assets were done in bad faith;

3. The ex parte sale of the assets denied the Bank its right to notice under Ala.Code § 5–10–31;

4. The ex parte sale of the assets effectively negated the Bank's right to seek injunctive relief under Ala.Code § 5–10–33;

5. The seizure and sale of the assets deprived the Bank of its right to judicial review of the seizure and sale under Ala. Constitution § 13, and Ala.Code §§ 5–10–31 and 5–10–33; and

6. The defendants conspired to seize and acquire the assets of the Bank through the arbitrary and capricious actions of the Superintendent of Banks, the State Banking Board, its members and employees.

The Federal Deposit Insurance Corporation (FDIC) petitioned for leave to intervene as a defendant and, upon the granting of the intervention, effected removal to federal court pursuant to 12 U.S.C. § 1819. The original defendants sought and were granted summary judgment on the grounds of res judicata, based on the district court's ruling in *Gregory I*. The FDIC successfully moved for dismissal. We affirm the dismissal of the FDIC and reverse the summary judgments granted the other defendants.

The requisites for a plea of res judicata are set out in our decision in *Stevenson v. International Paper Co., Mobile, Alabama*, 516 F.2d 103, 108–09 (5th Cir. 1975):

For a prior judgment to bar a subsequent action, it is firmly established (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits. *Wasoff v. American Automobile Ins. Co.*, 451 F.2d 767 (5th Cir. 1971). If these elements are established, then the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented.

We apply these criteria to the case at bar in light of our decision in *Gregory I*. Because of the manner in which we disposed of the issues raised in that appeal, *Gregory I* may not serve as the basis for a plea of res judicata in the present case for the nonfederal defendants.

In *Gregory I* we affirmed the holding by the district court that the individual stockholders did not have standing to sue under 42 U.S.C. § 1983 for damages sustained by a corporation in which they owned controlling shares. We also affirmed the holding that the subject Bank could not be made a party-plaintiff by the individual stockholders. These were threshold decisions and were not decisions on the merits. We also affirmed the district court's refusal to exercise pendent jurisdiction over state law claims (claims, *inter alia*, as asserted in the instant state court suit) and the refusal to allow an amendment of the pleadings for the purpose of asserting a shareholder derivative action (as asserted in the instant state court pleadings). These latter discretionary decisions, as affirmed on appeal,

likewise were not decisions on the merits. The only decisions in *Gregory I* which were decisions on the merits relate to the claims against the United States and the FDIC. No comparable decisions relate to the non-federal defendants. The second requirement for a plea of res judicata has not been met. Accordingly, the concept does not apply.

The judgment of the district court as it relates to the FDIC is AFFIRMED.

The judgment of the district court granting summary judgments to all other defendants is REVERSED and this matter is REMANDED for further proceedings.