**Chester J. REED and Southwest, Inc., Plaintiffs,**

v.

**MARKETING SERVICES INTERNATIONAL, LTD., Joseph A. Proctor and Charles Alexander, Defendants.**

Civ. A. No. H–80–1971.

United States District Court, S. D. Texas, Houston Division.

April 1, 1982.

Donald B. McFall, Butler, Binon, Rice, Cook & Knapp, Houston, Tex., for plaintiffs.

Barry L. Gardner, Crawford & Gardner, Memphis, Tenn., for defendants.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Came on to be heard the Motion of Joseph A. Proctor ("Proctor") and Marketing Services International, Ltd. ("MSI"), two of the defendants in the above-styled cause, requesting this Court to enter summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Jurisdiction is properly invoked pursuant to 28 U.S.C. § 1332.[1] The defendants move for summa-

---

1. The Court notes that *res judicata* questions raise issues of substantive law subject to the Erie doctrine and conflicts of law principles. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65

ry judgment upon the affirmative defense of *res judicata.* Upon full consideration of the record in this case, it is the opinion of the Court that the movant's Motion for Summary Judgment should be GRANTED.

In May 1979, plaintiffs, Chester J. Reed and Southwest, Inc., filed suit against defendants, Proctor, MSI, and Bank of Brandywine, in the United States District Court for the District of Maryland, seeking recovery of $50,000.00 in escrow deposit at said bank. On or about December 15, 1978, Reed and Southwest, Inc., entered into an agreement with MSI, whereby, for the sum of $3,000, MSI, agreed to secure a 30 year loan for $23,600.00. Pursuant to and as part of said agreement, Reed and Southwest, Inc. paid the sum of $3,000 to MSI, $2,500 of which was designated a "retainer fee." On or about March 1, 1979, Reed and Southwest, Inc. entered into an escrow agreement with MSI, wherein, *inter alia,* Reed and Southwest, Inc. agreed to deposit with MSI the sum of $50,000 to be held in escrow by MSI until such time as the loan commitment was obtained. Pursuant to the escrow agreement, the specified funds were to be returned to Reed and Southwest Inc. if the loan commitment was not procured. Subsequently, the loan commitment was not obtained and Reed and Southwest Inc. did not receive a return of the escrow funds. Pursuant to writs of replevin issued by the United States District Court for Maryland, a portion of said funds ($5,662.10) were seized and held by the court. The writs were returned eloigned to the extent of $44,337.90. In its final judgment on July 6, 1976, Judge Blair of the United States District Court for the District of Maryland, held that defendants had violated the terms of the escrow agreement and that plaintiffs were entitled to a return of $50,000 from MSI and Proctor.

Defendants now assert that as a result of the 1976 adjudication, any and all claims against them have merged, and consequently plaintiffs are barred from "relitigating" their present cause of action. Plaintiffs, however, argue that no such bar exists because (1) the instant cause of action is novel and distinct; (2) the first suit was based upon the return of *specific funds,* while the instant cause is predicated upon fraud, conversion, and violations of the Texas Deceptive Trade Practices Act; (3) the evidence to be considered in the instant case is novel; and (4) the basis of the instant suit results from new information not ascertainable at the time of the initial trial. On analysis, the Court concludes that the defendants' position is well founded.

A litigant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir. 1980). *See also generally* Wright & Miller, *Federal Practice & Procedure,* §§ 2725–2728. Conversely, summary judgment is inappropriate where there exists a genuine issue as to any material fact. *See Keiser, supra.* The district court must consider *all* the evidence before it; summary judgment can be entered only "if *everything* in the record—pleadings, depositions, interrogatories, affidavits, etc., demonstrate that no genuine issue of material fact exists." *Keiser, supra,* 614 F.2d at 410 (emphasis in original). Moreover, a "[s]ummary judgment may be granted only when the moving party has established his right to judgment with such clarity that the non-moving party cannot recover (or establish the defense) under any discernible circumstance." *Everhart v. Drake Management, Inc.,* 627 F.2d 688, 690 (5th Cir. 1980).

S.Ct. 1464, 89 L.Ed. 2079 (1945). Nevertheless, in a diversity case, federal law governs when *res judicata* issues are raised in a subsequent diversity action. *See Stovall v. Price Waterhouse Co.,* 652 F.2d 537 (5th Cir. 1981); *see also Aerojet-General Corp. v. Askew,* 511 F.2d 710 (5th Cir. 1975); *Mooney v. Fibreboard Corp.,* 485 F.Supp. 242 (E.D.Tex.1980). Diversity jurisdiction was the basis of jurisdiction in plaintiffs' first suit and is the basis of the instant suit.

It is well settled that the party moving for summary judgment has the burden of demonstrating that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law. *Kellerman v. Askew,* 541 F.2d 1089 (5th Cir. 1976); *accord Vandenburg v. Newsweek, Inc.,* 441 F.2d 378 (5th Cir. 1971), *cert. denied,* 404 U.S. 864, 92 S.Ct. 49, 30 L.Ed.2d 108 (1971); *Dawkins v. Green,* 412 F.2d 644 (5th Cir. 1969). It is also well settled that when the party opposing the motion does not offer counter-affidavits or other evidentiary material supporting his contention that an issue of fact remains, summary judgment will be entered. *See Gossett v. Du-Ra-Kel Corp.,* 569 F.2d 869 (5th Cir. 1978). When the burden of showing the existence of a factual dispute shifts to the non-moving party, he does not fulfill his obligation merely by asserting, by affidavit or otherwise, that a genuine issue for trial exists. *See Pelotto v. L & N Towing Co.,* 604 F.2d 396 (5th Cir. 1979).

In the instant case defendant has established that no issue of material fact exists, and that the motion should be decided solely as a matter of law. Indeed, plaintiffs' response asserts no affirmative factual disputes.[2]

■■ The doctrine of *res judicata,* was established primarily to avoid repetitive litigation of the same issues and causes of action and thereby: (1) minimize the judicial energy devoted to individual cases; (2) establish certainty and respect for court judgments; and (3) protect the party relying on the prior adjudication from vexatious litigation. *See generally* 1B Moore's *Federal Practice* ¶ 0.405[1]. The doctrine provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound:

not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. [citation omitted] The judgment puts an end to the cause of action, which cannot be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. [citations omitted]

*Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 578–79, 94 S.Ct. 806, 811, 39 L.Ed.2d 9 (1974), quoting *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 713, 719, 92 L.Ed. 898 (1948).

■■ Under the "same transaction and occurrence" analysis of the *res judicata* doctrine, the "same cause of action" refers to all grounds for relief arising out of conduct complained of in the original action. *See* 1B Moore's *Federal Practice* ¶ 0.410[1] at pp. 1160–63. Thus, to the extent that a second cause of action advances any part of a "same cause of action," a legitimate judgment in the first action "prevents litigation of all grounds for, or defenses to, recovery [in the second action] that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

■■ If, during the pendency of its first action, the plaintiff knew or should have known of additional claims for relief, plaintiff cannot avoid *res judicata* merely because he failed to address evidence that would have produced an available theory of recovery or remedy. Claim splitting may only be excused when a plaintiff could not ascertain the full dimensions of his claim at the time of the first action. *Estate of Hunt v. U. S.,* 309 F.2d 146, 148 (5th Cir. 1962).

---

2. The only conceivable issue of material fact concerns plaintiffs' implicit allegation that the instant claims were not litigated during the first trial because salient information was not ascertainable. This argument fails for two reasons: (1) pursuant to Rule 56(e) plaintiffs have failed to support this claim; and (2) assuming arguendo plaintiffs did not have information regarding the instant claims at time of trial, such an argument cannot now vitiate defendants' affirmative defense of *res judicata.* Had plaintiffs not forsaken discovery in the former suit, they may, very-well, have obtained the critical information they now allege they lacked.

*See also Commercial Box & Lumber Co., Inc. v. Uniroyal, Inc.*, 623 F.2d 371, 374 (5th Cir. 1980). In short, all issues relevant to a plaintiff's initial cause of action will merge if plaintiff failed to claim relief at trial. *Garner v. Giarrusso*, 571 F.2d 1330 (5th Cir. 1978); *accord, International Assoc. of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 131 (5th Cir. 1975).

■ The Fifth Circuit has adopted its own test for ascertaining what constitutes a "cause of action" for *res judicata* purposes. The principle test recognized by the Fifth Circuit is whether the *primary right* and *duty* or *wrong* are the same in each action. In *Kemp v. Birmingham News Co.*, the Fifth Circuit stated:

> Various tests have been advanced to determine whether the substance of two actions is the same for *res judicata* purposes: Is the same right infringed by the same wrong? Would a different judgment obtained in the second action impair rights under the first judgment? Would the same evidence sustain both judgments? [citation omitted] [T]his Court has recognized that the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action. *Stevenson v. International Paper Co.*, 516 F.2d 103, 109 (5th Cir. 1975).

608 F.2d 1049, 1052 (5th Cir. 1979). *See also* 1B Moore's *Federal Practice and Procedure*, § 0.410[1], at 1160–63 (1980); 18 Wright, Miller and Cooper, *Federal Practice and Procedure, generally* § 4407 (1981). Most recently the Fifth Circuit wrote:

> Judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented. *Stevenson v. International Paper Co.*, 516 F.2d 103, 108–09 (5th Cir. 1975). *See also Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Gregory v. Mitchell*, 634 F.2d 205, 206 (5th Cir. 1981); *Kemp v. Birmingham News Co.*, 608 F.2d 1049 (5th Cir. 1979); *Blanchard v. St. Paul Fire & Marine Ins. Co.*, 341

F.2d 351 (5th Cir. 1965), *cert. denied*, 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d [74] (1965).

*Jones v. Texas Tech. University*, 656 F.2d 1137, 1441–42 (5th Cir. 1981). Indeed, the Fifth Circuit has continually emphasized the "primary right" standard to the exclusion of other prominent tests. *See Kemp v. Birmingham News Co., supra; Hayes v. Solomon*, 597 F.2d 958, 983 (1979); *Dore v. Kleppe*, 522 F.2d 1369, 1374 (1975); *Hall v. Tower Land and Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975).

The Fifth Circuit's adoption of the "primary right" test is consistent with the test enunciated by the Supreme Court in *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). There the Supreme Court stated:

> A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong.... The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear. 'The *thing*, therefore, which in contemplation of law as its *cause*, becomes a ground for action, is not the group of *facts* alleged in the declaration, bill, or indictment, *but the result of these in a legal wrong, the existence of which, if true, they conclusively evince.*' [citation omitted, emphasis original]

274 U.S. at 321, 47 S.Ct. at 602. *See also White v. World Finance of Meridian Inc.*, 653 F.2d 147 at 150 (5th Cir. 1981); Wright & Miller, *Federal Practice and Procedure*, § 4407.

■ An examination of plaintiffs' first cause of action and its present claims indicate that the Fifth Circuit's "primary right" test is met. Plaintiffs' action in Maryland was based upon the exact same transaction as is the subject of the instant law suit. In both cases, plaintiffs have alleged that on

or about December 15, 1978 the plaintiffs and defendants, MSI and Proctor, entered into an agreement whereby plaintiffs agreed to pay defendant a sum of $3,000 in consideration for defendant securing a 30 year loan for $23,000 at an interest rate of 10%. Plaintiff paid said $3,000 subject to a $2,500 return of payment, if a loan agreement was not obtained in 90 days. As further assurance plaintiff deposited $50,000 in an escrow account. As of April 15, 1979, one month after the due date of the loan commitment, said commitment had not been obtained. Defendants failed to return the $50,000 escrow funds. On July 6, 1979 the U.S. District Court in Maryland entered a final judgment in favor of the plaintiffs for $50,000. Additional claims are now before the Court based on fraud and misrepresentation, conspiracy, conversion, violations of the Texas Deceptive Trade Practice Act, and the return of the $2,000 retainer.

It is eminently clear that the doctrine of res judicata bars plaintiffs from asserting the instant claims. Plaintiffs have attempted to "split" their cause of action under the pretext of distinct legal rights and wrongs. In fact, however, the only difference between the instant action and the Maryland action, is plaintiffs' legal theory for relief. Plaintiffs' instant action alleges that a primary contract right was breached by defendants' failure to comply with the terms of an agreement, i.e. obtain a loan commitment and return $50,000 held in escrow. In the instant case, several wrongful acts affected identical "primary" rights yet plaintiffs suffered but one actionable wrong. It is well settled that only one wrongful invasion of a single primary right exists whether the acts constituting such invasion are one or many, simple or complex. *Baltimore S.S. Co. v. Phillips, supra,* 247 U.S. at 316, 47 S.Ct. at 601. Here, the acts complained of, the complaints filed and the evidence to be adduced in this action are identical to the acts complained of, the complaints filed and the evidence adduced in the Maryland action. In essence, the only substantial difference in the present suit is the remedies sought.

Plaintiffs could have litigated claims of fraud and misrepresentation, conversion, and deceptive trade practices in their Maryland action. For whatever reason plaintiffs did not do so. Nevertheless, the doctrine of res judicata bars every ground for recovery which *might* have been presented. *Mendez v. Bowie,* 118 F.2d 435, 440 *cert. denied,* 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941). A litigant can present all grounds for relief, whether legal or equitable, inconsistent or alternate, in a single action. Rule 8(a) Fed. R.Civ.P.

It is the opinion of this Court, that the instant action presents a classic example of a litigant attempting to relitigate a same cause of action under a different theory of recovery. The *res judicata* doctrine precludes a litigant from getting another day in court, after his claims have been adjudicated, by merely articulating a different theory of damage recovery for the same invasion of his rights. One fair day in court is enough.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendants Proctor and MSI's Motion for Summary Judgment is GRANTED.