**Patricia E. McQURTER, Plaintiff-Appellee, Cross-Appellant,**

v.

**CITY OF ATLANTA, Georgia, et al., Defendants-Appellants, Cross-Appellees.**

No. 83–8743.

United States Court of Appeals, Eleventh Circuit.

Jan. 19, 1984.

Elizabeth J. Appley, Atlanta, Ga., for plaintiff-appellee, cross-appellant.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

BY THE COURT:

Plaintiff-Appellee Patricia McQurter prevailed at the district court in this action under 42 U.S.C. § 1983 against the City of Atlanta and the other defendants (collectively referred to as Atlanta). The district court, 572 F.Supp. 1401, entered final judgment on September 12, 1983, and Atlanta did not file its notice of appeal to this court for 31 days, one day beyond the thirty day period of Federal Rules of Appellate Procedure 3 and 4. Atlanta did not move, under Appellate Rule 4(a)(5), for the district court to extend its time to appeal. McQurter now moves that this court dismiss Atlanta's appeal. Atlanta argues that the appeal should be maintained because the district judge on September 12 did not enter judgment on McQurter's motion under section 1988 for attorney's fees (and apparently has not done so yet). Atlanta requests that we hold its appeal premature and allow another notice of appeal later to be filed because, absent a decision on attorney's fees, the September 12 order was not final and appealable. We hold that the order was final and appealable and dismiss Atlanta's appeal.

The problem apparent in this case has arisen in several other circuits and may be stated as follows: when the district court enters an order resolving all issues presented in a case except the award of attorney's fees, has a final, appealable order been entered? We need not review the numerous cases dealing with the issue in detail because we believe our sister circuit in *Holmes v. J. Ray McDermott & Co.,* 682 F.2d 1143 (5th Cir.1982) properly decided that the answer to the question is: "it depends on the circumstances." In *Holmes,* the court held that:

> When attorney's fees are similar to costs (*White*) or collateral to an action (*Obin*), a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment.

*Id.* at 1146. As the *Holmes* court noted, this distinction is in accordance with the holding in *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), in which the Court held that attorney's fees are collateral and independent when claimed under 42 U.S.C. § 1988 and thus not subject to the ten day time limit set forth in Federal Rule of Civil Procedure 59(e). Our own cases are also in accord. *See Varnes v. Local 91,* 674 F.2d 1365 (11th Cir.1982). Since the Supreme Court has clearly stated that attorney's fees are collateral in a section 1983 action, it is clear that Atlanta filed its notice of appeal too late.

DISMISSED.