**INTERSTATE PIPE MAINTENANCE, INC., etc., Plaintiff-Appellant,**

v.

**FMC CORPORATION, etc., Defendant-Appellee.**

No. 85–5149.

United States Court of Appeals, Eleventh Circuit.

Nov. 13, 1985.

William S. Weisman, Ft. Lauderdale, Fla., for plaintiff-appellant.

William D. Ricker, Jr., Ft. Lauderdale, Fla., for defendant-appellee.

Before VANCE and HATCHETT, Circuit Judges, and ATKINS *, District Judge.

PER CURIAM:

Plaintiff appeals an award of attorney's fees made to defendant under Florida Statute section 57.105 following the district court's grant of summary judgment for defendant on res judicata grounds.

In a prior suit in district court plaintiff sued defendant and others for alleged improper franchise termination in contravention of the Arkansas Franchise Practices Act. Two days prior to trial plaintiff attempted to amend to allege also a breach of Florida law. The amendment was not al-

lowed because of its untimeliness. In the prior suit plaintiff suffered summary judgment on all counts except one, and that count was tried to a jury with a resulting verdict for defendants. Plaintiff appealed the adverse judgment and this court affirmed in an unpublished opinion. *Interstate Pipe Maintenance, Inc. v. FMC Corp.*, 749 F.2d 732 (11th Cir.1984).

While the appeal in the prior case was pending plaintiff filed the present case in state court seeking relief under Florida Statute section 817.416. Defendant removed to district court where it asserted the defense of res judicata and moved for summary judgment. At this point plaintiff moved for voluntary dismissal.

On November 14, 1984 the district court rendered summary judgment for defendant holding that the present case was barred by the doctrine of res judicata. In the same order the district court denied the motion for voluntary dismissal and ordered that attorney's fees and costs be assessed in favor of defendant upon proper application. On January 8, 1985 the district court entered a final judgment assessing attorney's fees in the amount of $10,000 and costs against the plaintiff. Plaintiff appealed from the judgment of January 8, 1985, presenting to this court only the issue of defendant's entitlement to the fee award.

Defendant first contends that this court lacks jurisdiction to consider the question presented. It reasons that the appealed judgment merely fixed the amount, which is not being challenged on appeal. It argues that the judgment of November 14, 1984 established defendant's entitlement to a fee award and that no timely appeal was taken from that judgment.

We recently stated in *Bank South Leasing, Inc. v. Williams*, 769 F.2d 1497, 1499, 1500 (11th Cir.1985):

This circuit has adopted a test articulated by the new Fifth Circuit for determining

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by

designation.

whether a ruling on attorneys' fees is necessary for a judgment to be final:

> When attorney's fees are similar to costs or collateral to an action, a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment.

*McQurter v. City of Atlanta,* 724 F.2d 881, 882 (11th Cir.1984) (citations omitted) (quoting *Holmes v. J. Ray McDermott & Co.,* 682 F.2d 1143, 1146 (5th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983)). Whether attorneys' fees are "collateral to an action" or instead are an "integral part of the merits of the case" depends on the circumstances of each case. *See McQurter,* 724 F.2d at 882.

In *McQurter* the defendants argued that their appeal of the *merits* of the case should have been considered timely, despite the fact that the notice of appeal was filed beyond the allowable period after final judgment, because though the district court had entered a judgment on the *merits* of the case it had not yet disposed of the attorney's fees issue. We held in *McQurter* that the attorney's fees issue was collateral and independent in an action under 42 U.S.C. § 1983, and that therefore the defendants' appeal was untimely as to the judgment on the *merits.* We have the opposite situation in this case but the same result according to the standard cited above. Here the plaintiff is appealing the defendant's entitlement to *attorney's fees,* not the judgment on the merits of the res judicata issue. The fees award in this case was made under Florida Statute section 57.105, which provides:

> The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.

It is clear from the Florida holdings that fees awarded under this statute are treated as costs that are collateral to and separately appealable from the principal case, just as the fees in *McQurter* were considered collateral and independent. *See Ruby Mountain Construction & Development Corp. v. Raymond,* 409 So.2d 525, 527 (Fla. Dist.Ct.App.1982); *Allen v. Estate of Dutton,* 384 So.2d 171, 174 (Fla.Dist.Ct.App. 1980). The fee award is not severable into discrete issues of entitlement and amount as defendant contemplates. An award of attorney's fees is not final until the amount is determined. *Fort v. Roadway Express, Inc.,* 746 F.2d 744, 747–48 (11th Cir.1984). Subject to exceptions not here applicable, we have jurisdiction to consider only appeals from final judgments. In this case the award became final upon entry of the January 8, 1985 judgment from which a timely appeal was taken. This court therefore has jurisdiction.

The requirement of the Florida statute is that there be a "complete absence of a justiciable issue of either law or fact" raised by the plaintiff. The court explained in *Allen,* "The requirement then is a finding of a *total or absolute lack* of a justiciable issue, and to us, this is tantamount to a finding that the action is frivolous." 384 So.2d at 175 (emphasis in original).

 Plaintiff concedes that its present claim could have been included in the prior suit if it had been presented in a timely manner. Since it could have been presented as part of plaintiff's original cause of action it must have been so presented or else be barred by res judicata. The rule obtains both in this circuit and in the state courts of Florida that final judgment by a court of competent jurisdiction bars a subsequent suit between the same parties and on the same cause of action not only as to all matters that were litigated in the first proceeding but also as to all issues that could have been litigated. *Precision Air Parts, Inc. v. Avco Corp.,* 736 F.2d 1499, 1501 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 966, 83 L.Ed.2d 970 (1985);

*Johnson v. United States,* 576 F.2d 606, 611 (5th Cir.1978); *Pumo v. Pumo,* 405 So.2d 224, 225 (Fla.Dist.Ct.App.1981); *Wise v. Tucker,* 399 So.2d 500, 502 (Fla.Dist.Ct. App.1981). In light of plaintiff's concession that the most recent claim could have been litigated in the prior suit and its attempt voluntarily to dismiss the present case when the res judicata defense was raised we have difficulty in understanding its contention that the res judicata question was a justiciable issue. We conclude, as did the district court, that the present suit was frivolous and that in the complete absence of a justiciable issue the award of attorney's fees was proper.

AFFIRMED.