Janice HRABE, Plaintiff,

v.

PAUL REVERE LIFE INS. CO., Defendant.

No. Civ.A. 97–D–1126–N.

United States District Court, M.D. Alabama, Northern Division.

Nov. 1, 1999.

Robert J. Varley, Montgomery, AL, for plaintiff.

Mark D. Hess, Bert S. Nettles, Birmingham, AL, Mark E. Schmidtke, Valpariaiso, IN, for defendant.

### MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is Defendant Paul Revere Life Insurance Co.'s ("Defendant") Motion To Dismiss ("Mot."), filed August 25, 1997, which the court construed as a Motion For Summary Judgment.[1] On Oc-

1. In an Order entered October 22, 1999, the court construed Defendant's Motion To Dismiss as a Motion For Summary Judgment.

tober 27, 1997, Plaintiff Janice Hrabe ("Plaintiff") filed a Response To Order To Show Cause ("Resp."). Defendant filed a Reply on October 30, 1997, and a Supplemental Memorandum In Support Of Motion To Dismiss on October 28, 1999. Also on October 28, 1999, Plaintiff filed a Supplemental Response In Opposition To Defendant's Motion To Dismiss. After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that Defendant's Motion For Summary Judgment is due to be granted.

## JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction over this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*, and 28 U.S.C. § 1331 (federal question jurisdiction). The Parties do not contest personal jurisdiction or venue.

## SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court construes the evidence and factual inferences in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 56(c)).

The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' " that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548 (citing Fed. R.Civ.P. 56(c)). The mechanics of satisfy-

In its motion, Defendant has raised the defense of res judicata and supported its motion with copies of record excerpts from the prior proceeding upon which its defense is based. In the context of res judicata, where the court considers records from the prior proceeding, the court may treat a Rule 12(b) motion as one for summary judgment. *See Concordia v. Bendekovic,* 693 F.2d 1073, 1075 (11th Cir. 1982); *Jones v. Gann,* 703 F.2d 513, 515 (11th Cir.1983). Construing the motion as one for summary judgment allows the court to consider matters outside the pleadings. Fed. R.Civ.P. 12(b); Fed.R.Civ.P. 56. The court

notes, however, that construing the motion as one for summary judgment appears to be a mere formality in this case. That is, under *Boone v. Kurtz,* 617 F.2d 435 (5th Cir.1980), "[d]ismissal by the court sua sponte on res judicata grounds ... is permissible in the interest of judicial economy where both actions were brought before the same court." *Id.* at 436. Here, the prior proceeding was filed in this court and decided by the undersigned. Thus, under *Boone,* even if Defendant had not raised and argued res judicata, the court would have been permitted to consider the applicability of the doctrine sua sponte.

ing the initial burden vary depending upon which party, the movant or the nonmovant, bears the burden of proof at trial. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993) (detailing the nature of the parties' responsibilities when preparing or defending against a motion for summary judgment).

Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. In meeting this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348; *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On July 21, 1997, Plaintiff filed this action against Defendant, alleging claims under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Plaintiff seeks recovery of benefits allegedly due her as a participant under an employee welfare benefit plan. The employee welfare benefit plan, which is a "policy of group disability insurance," was issued to Plaintiff's employer by Defendant. (Compl.¶ 4.)

Plaintiff's ERISA claims arise from a job-related "automobile accident." (*Id.* ¶ 7.) More specifically, "[o]n or about August 30, 1994, and during the course of her employment, Plaintiff was involved in an automobile accident." (*Id.*) As a result of the accident, Plaintiff underwent back surgery. Despite back surgery, the accident left Plaintiff "totally disabled." (*Id.*) Plaintiff claims that

[o]n or about February 6, 1995, Plaintiff timely and properly applied for disability benefits under the [employee welfare benefit plan] and was initially approved for benefits on or about May 2, 1995. Plaintiff received disability benefits for a period of approximately one week; thereafter, her receipt of disability benefits was refused and denied by [Defendant].

(*Id.* ¶ 9.)

The Complaint alleges three claims under ERISA. In Count 1, Plaintiff asserts that "[d]isability benefits are due Plaintiff" under the employee welfare benefit plan and that Defendant "wrongfully denied Plaintiff's claim for disability benefits." (*Id.* ¶¶ 10–11.) Plaintiff also alleges causes of action for breach of fiduciary duty (Count 2) and "gross negligence" (Count 3). (*Id.* ¶¶ 17–21.) Plaintiff requests (1) "all disability benefits accrued and unpaid to the date of this judgment," (2) payment of future disability benefits and (3) attorneys' fees and costs. (*Id.* at "Prayer for Relief.")

Defendant asserts that Plaintiff's claims in this action are barred by the doctrine of res judicata under the court's prior judgment in *Hrabe v. Paul Revere Life Ins. Co.*, 951 F.Supp. 997 (M.D.Ala.1996) (DeMent, J.) ("*Hrabe I*"). (Mot. at 1.) In *Hrabe I*, which arose from the same set of facts, Plaintiff sued Defendant under state laws for "breach of contract" and "bad faith." 951 F.Supp. at 999. The court found that Plaintiff's state law claims were preempted by ERISA and granted summary judgment in favor of Defendant. *Id.* at 1003.

In *Hrabe I*, after the judgment had been entered, Plaintiff filed a Motion To Reconsider Order to allow her "to pursue an ERISA action." (Mot., Ex. B.) Plaintiff simultaneously filed a Motion For Leave

To Amend Complaint. (Mot., Ex. C.) Attached to the latter Motion was a proposed Amendment To Complaint. (*Id.*) Plaintiff's alleged causes of action against Defendant were set out as follows in paragraphs 31–35 of the proposed Amendment To Complaint:

31. [Defendant] untimely, arbitrarily, and capriciously denied [Plaintiff's] claim. [Defendant] failed to provide a description of any additional material or information necessary to perfect her claim. [Defendant] failed to provide appropriate information as to the steps to be taken if [P]laintiff wished to submit her claim review, as required by 29 CFR § 2560.503–1.

32. As a result of [Defendant's] breach of fiduciary duty described by ERISA § 404 and § 405, 29 U.S.C. [§ ] 1104 and 29 U.S.C. [§ ] 1005 and enforceable by [Plaintiff] under ERISA [§ ] 501, 29 U.S.C. [§ ] 1132, [Plaintiff] was denied the opportunity for a full and fair review as required by 29 U.S.C. § 1133(2) and was damaged by the denial of her benefits.

33. [Defendant] breached its contract with [Plaintiff] by denying her claim for benefits.

34. [Defendant] had a duty imposed by law to exercise good faith and fair dealing in the performance of the contractual obligations under the terms of aforesaid policy of insurance. This duty was breached, both in that [Defendant] had no arguable basis for denying the claim, and in that it failed to adequately investigate said claim, and denied it without determining whether there was any arguable basis for denying it.

35. As a proximate consequence of said bad faith, [Plaintiff] suffered substantial injury, including emotional distress and the deprivation of policy benefits.

(*Id.*)

The court stamp denied Plaintiff's Motion For Leave To Amend Complaint. (*Id.*) Plaintiff then attempted to appeal the court's "final judgment," including the denials of her Motion To Reconsider Order and Motion For Leave To Amend Complaint. (Mot., Ex. D.) The Eleventh Circuit dismissed the appeal because it was untimely filed. (Mot., Ex. E.)

## DISCUSSION

Defendant asserts that, under the doctrine of res judicata, the court's judgment in *Hrabe I* bars Plaintiff's present cause of action under ERISA. For the reasons discussed herein, the court agrees.

■ In order for res judicata to bar relitigation of the matters in Plaintiff's present action, the following four elements must be present: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties or their privies were identical in both suits; and (4) the prior and present causes of action are the same." [2] *Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir.1992).

2. The court notes that, while not addressed by either Party, there is a split of authority in the Eleventh Circuit, regarding whether federal or state law principles of res judicata apply in this action. *See Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 n. 1 (11th Cir. 1998). In *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499 (11th Cir.1984), the Eleventh Circuit held that "[w]hen a federal court sitting in diversity examines the ... res judicata effect of a prior federal judgment, based either on diversity or a federal question, it must apply federal common law." *Id.* at 1503. Subsequently, the Eleventh Circuit held that "[f]ederal courts apply the law of the state in which they sit with respect to the doctrine of res judicata." *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir.1990). *See also Pleming*, 142 F.3d at 1356 n. 1. In *Pleming*, the Eleventh Circuit did not resolve the split of authority because the principles of res judicata were the same under both federal and Georgia law. 142 F.3d at 1356 n. 1.

Likewise, this court need not determine which law to apply, because Alabama and federal law regarding res judicata have the same elements. *Israel Discount Bank*, from which the court quoted above, recites the federal common law elements of res judicata. 951 F.2d at 314. Similarly, under Alabama law, "the essential elements of res judicata are: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of parties, and (4)

Under the fourth element, "cases involve the same cause of action for purposes of res judicata if the present case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action.'" *Id.* at 315 (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir.1990)). Thus, res judicata applies not only to issues actually decided, but also to all claims that could have been raised but were not. *Id.* at 1501.

In applying the elements of res judicata, the court notes that two elements are not in dispute. First, there is no dispute that Plaintiff sued Defendant in *Hrabe I*; hence, the court finds that the Parties are identical in both lawsuits. Second, there is no dispute that the court in *Hrabe I* was a court of competent jurisdiction. The court, therefore, finds that elements two and three are satisfied.

Under the first and fourth elements, however, the Parties dispute whether the judgment in *Hrabe I*, dismissing Plaintiff's state law claims, is a final adjudication on the merits as to Plaintiff's present ERISA claims. Defendant argues that Plaintiff cannot bring a separate cause of action under ERISA because her state-law claims in *Hrabe I*, which were dismissed, arose out of the same operative facts. (Mot.¶ 6.) Citing *King v. Hoover Group, Inc.*, 958 F.2d 219 (8th Cir.1992), Defendant also argues that the court's denial of Plaintiff's Motion For Leave To Amend Complaint is a final judgment on the merits. In *King*, the Eighth Circuit held that "[i]t is well settled that denial of leave to amend [a complaint] constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *Id.* at 222–223.

Plaintiff, on the other hand, relies on *Gregory v. Mitchell*, 634 F.2d 205 (5th Cir.1981)[3], and argues that, because the

court's opinion in *Hrabe 1* rejected only the propriety of her state law claims, *Hrabe 1* "is more properly characterized as a procedural ruling that [Plaintiff's] claim must be pursued pursuant to Federal, not state law." (Resp. at 1.) Plaintiff further cites *Gregory* for the proposition that the denial of her Motion For Leave To Amend Complaint is not an adjudication on the merits. (*Id.* at 3–4.)

Here, there is no dispute that Plaintiff's ERISA claims against Defendant arise from the exact same facts as in *Hrabe I*. Because the facts are identical in both lawsuits, Plaintiff cannot divide her claims in two separate actions. *See Hunt*, 891 F.2d at 1561. For the following reasons, the court finds that Plaintiff was required to litigate all her claims in *Hrabe I* and cannot now have a "second bite at the apple."

The posture of this case is exactly the same as in *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663 (5th Cir.1994). In *Agrilectric Power*, which arose from the sale of an alleged defective steam turbine, the plaintiff had filed an earlier lawsuit against the defendant, "alleging design and installation defects as well as failure to warn." *Id.* at 664. After the court entered summary judgment in favor of the defendant in the prior lawsuit, the plaintiff filed a motion for reconsideration requesting to proceed under an alternative breach-of-contract theory. The court denied the motion as "untimely." *Id.* Thereafter, the plaintiff filed the second lawsuit against the defendant, alleging breach of contract.

In affirming the district court's judgment dismissing the lawsuit on res judicata grounds, the Fifth Circuit stated:

> [The plaintiff's] argument that it was precluded from raising the service contract theory in its first motion for recon-

with the same cause of action presented in both suits." *Hughes v. Allenstein*, 514 So.2d 858, 860 (Ala.1987). Accordingly, the court's decision would be the same whether it applied Alabama or federal law.

**3.** Decisions of the former Fifth Circuit decided prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

sideration in the first action ... affords no relief. This is not a situation in which legal or procedural hurdles prevented [the plaintiff] from timely asserting its theory; rather, [the plaintiff] could have introduced the theory earlier but, for whatever reason, opted not to do so. "[O]ne who has a choice of more than one remedy for a given wrong ... may not assert them serially, in successive actions, but must advance all at once on pain of bar." This rule applies equally to situations in which a claimant fails to raise an alternate theory in a timely fashion.

*Id.* at 665 (internal footnotes omitted). *Agrilectric Power*, which the court considers to be persuasive and well-reasoned authority, rejects Plaintiff's argument that the court's denial of her Motion For Leave To Amend Complaint in *Hrabe I* is not a final judgment on the merits for purposes of res judicata.

Moreover, the court finds that Plaintiff's reliance on *Gregory* cannot save her present ERISA action from the effect of res judicata. In *Gregory v. Mitchell,* 634 F.2d 199 (5th Cir.1981),[4] the plaintiffs filed an action in federal court asserting civil rights claims under 42 U.S.C. § 1983, as well as state law causes of action. *Id.* at 201. After the district court granted summary judgment against the plaintiffs on the § 1983 claims, the sole federal claim, the plaintiffs moved to amend their complaint to add a shareholder derivative claim and realign the parties to create diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 202–203. The district court denied the motion to amend "as untimely filed" and then declined to entertain the pendent state law claims, dismissing them without prejudice. *Id.* On appeal, the Fifth Circuit affirmed the district court's denial of the plaintiffs' motion for leave to amend the complaint. *Id.* at 203.

The plaintiffs then re-filed their state law claims in state court. *Gregory II,* 634

F.2d at 206. The Federal Deposit Insurance Corporation ("FDIC") was allowed to intervene in the lawsuit. The FDIC then removed the case to federal court. *Id.* Based on the doctrine of res judicata, the federal district court granted summary judgment for the state defendants on all state law claims. *Id.* In *Gregory II*, the Fifth Circuit reversed the district court and held that res judicata did not bar the state law claims raised by the nonfederal defendants. *Id.* The *Gregory II* court explained that in *Gregory I* it

> affirmed the district court's refusal to exercise pendent jurisdiction over state law claims (claims, inter alia, as asserted in the instant state court suit) and the refusal to allow an amendment of the pleadings for the purpose of asserting a shareholder derivative action (as asserted in the instant state court pleadings). These latter discretionary decisions, as affirmed on appeal, ... were not decisions on the merits.

*Id.* at 206–207. Thus, the Fifth Circuit held in *Gregory II* that the res judicata element requiring a final judgment on the merits had not been satisfied. *Id.* at 207.

Plaintiff asserts that *Gregory I* and *Gregory II* establish an absolute rule in this circuit that denial of leave to amend a complaint in a prior action cannot be res judicata as to the same claim(s) in a later action. However, this court does not agree because of the Eleventh Circuit's decision in *Interstate Pipe Maintenance, Inc. v. FMC Corp.,* 775 F.2d 1495 (11th Cir.1985). In *Interstate Pipe Maintenance,* the plaintiff in a prior action had sued the defendant for violations of the Arkansas Franchise Practices Act. *Id.* at 1498. In the prior lawsuit, two days before trial, the plaintiff had sought leave to allege an additional claim under Florida law, which the court denied as untimely. *Id.* After losing that lawsuit, the plaintiff brought a second action against the defen-

---

4. *Gregory v. Mitchell,* 634 F.2d 199 (5th Cir. 1981), and *Gregory v. Mitchell,* 634 F.2d 205 (5th Cir.1981), were consolidated on appeal.

On appeal the Fifth Circuit referred to these two cases as *"Gregory I"* and *"Gregory II,"* respectively. The court will do the same.

dant alleging a violation of Florida law. *Id.* at 1496. Citing res judicata, the defendant argued that the prior lawsuit barred the plaintiff's second lawsuit. The district court agreed and granted summary judgment for the defendant. *Id.*

The Eleventh Circuit stated that the "[p]laintiff concedes that its present claim could have been included in the prior suit if it had been presented in a timely manner. Since it could have been presented as part of plaintiff's original cause of action it must have been so presented or else be barred by res judicata." *Id.* at 1497. The Eleventh Circuit affirmed based on the general rule that a "final judgment by a court of competent jurisdiction bars a subsequent suit between the same parties and on the same cause of action not only as to all matters that were litigated in the first proceeding *but also as to all issues that could have been litigated.*" *Id.* (emphasis added).

The Fifth Circuit reached a similar decision in *Nilsen v. City of Moss Point*, 701 F.2d 556 (5th Cir.1983). *Nilsen* was the fourth lawsuit filed by the plaintiff alleging sex discrimination after the City refused to hire her as a fire fighter. *Id.* at 558. In *Nilsen*, the plaintiff asserted a civil rights violation under 42 U.S.C. § 1983. *Id.* at 558–559. In a prior lawsuit, after the district court had entered summary judgment against her, the plaintiff sought leave to amend her complaint to allege the § 1983 theory. *Id.* The district court denied the plaintiff's motion for leave to amend, and the Fifth Circuit affirmed the denial, noting the plaintiff's " 'unexplained dilatoriness.' " *Id.*

In holding that res judicata barred the plaintiff from asserting a § 1983 violation in *Nilsen*, the Fifth Circuit reasoned:

The system itself was ... ready and able to accommodate all such claims, if timely made, and obliged to entertain them: had the § 1983 theory been so advanced, the court would have had no choice but to adjudicate it. Instead, it was [the plaintiff] who split her claim or "cause of action," reserving one basis or

legal theory supportive of it until it was untimely and need not be adjudicated. That this § 1983 theory was untimely advanced and thus properly rejected is an issue that has already, and rightly or wrongly, been finally settled in the former appeal and is not open to reexamination today.

In these circumstances, both court and commentators agree that theories which were the subject of an untimely motion to amend, filed in the earlier action, "could have been brought" there.

*Id.* at 563; *see also Adolph Coors Co. v. Sickler*, 608 F.Supp. 1417, 1432 n. 3 (C.D.Cal.1985) (noting that, to the extent *Gregory v. Mitchell*, 634 F.2d 205 (5th Cir.1981), "can be read to establish a per se rule that denial of leave to amend in an earlier action is never res judicata as to that claim in a later action, it was overruled or at least modified by the Fifth Circuit in *Nils[e]n*, 701 F.2d at 556").

█ Thus, under *Nilsen*, where the plaintiff's action, such as tardiness, results in the plaintiff being unable to pursue his or her claim in the original action, res judicata precludes the successive action. In other words, as noted in *Nilsen*, a plaintiff can escape res judicata only "where the court itself, rather than the litigant, does the splitting and does it by reason of no default on the part of the litigant, who timely advanced all his [or her] claims in the initial proceeding." 701 F.2d at 563. An example of a court splitting a claim is a court's discretionary refusal to exercise jurisdiction over pendent state law claims. *Id.*

█ Here, the court finds that in *Hrabe I* nothing prohibited Plaintiff from bringing her ERISA claims in that action. For example, Plaintiff could have pleaded an alternative theory of recovery under ERISA. *See Alston v. Atlantic Elec. Co.*, 962 F.Supp. 616, 622 n. 9 (D.N.J.1997). Instead, Plaintiff did not seek to amend the Complaint until after her lawsuit in *Hrabe I* had already been dismissed. In being denied leave to amend the Com-

plaint, Plaintiff's recourse was to appeal, which she failed to timely do. *See Rinehart v. Locke,* 454 F.2d 313 (7th Cir. 1971);[5] *see also Nilsen,* 701 F.2d at 563. For the foregoing reasons, the court finds that *Hrabe I* was a final adjudication on the merits as to Plaintiff's ERISA claims now asserted.

█ Likewise, the court further finds that, based on the foregoing authority, the denial of Plaintiff's Motion For Leave To Amend Complaint was a final judgment on the merits as to all claims which Plaintiff proffered in her Amendment To Complaint in *Hrabe I*. Not only is this court's finding well supported by *Nilsen* and *Interstate Pipe Maintenance, supra,* cases decided in the Fifth and Eleventh Circuits, respectively, but other circuits also have reached the same conclusion. *King,* 958 F.2d at 222–223; *Rinehart,* 454 F.2d at 315; *EFCO v. U.W. Marx, Inc.,* 124 F.3d 394, 399–400 (2nd Cir.1997) (holding that "[w]here a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint").

█ The court's finding that, in this case, the prior denial of Plaintiff's Motion For Leave To Amend Complaint is not merely procedural, as argued by Plaintiff, comports with the purpose of res judicata, which is to "encourage[ ] litigants to raise all claims arising out of one transaction in a single suit." *Nilsen,* 701 F.2d at 562. Here, the ERISA claims asserted in the instant Complaint are substantially identical to the ones Plaintiff sought leave to assert in her previous action. *See King,* 958 F.2d at 222–223. In Plaintiff's proposed Amendment To Complaint in *Hrabe I*, Plaintiff alleged under ERISA that De-

fendant arbitrarily denied her claim, breached a fiduciary duty, breached a contract and committed a breach of "good faith and fair dealing." (Mot., Ex. B, ¶¶ 31–35.) In the instant Complaint, Plaintiff alleges the same causes of action for the alleged wrongful denial of a claim and breach of fiduciary duty. (Compl.¶¶ 10–11.) Because the claims sought to be added in *Hrabe I* are the same claims asserted in this Complaint, the court finds that the claims are barred. While Plaintiff alleges an additional "gross negligence" claim in the present Complaint (Compl.¶ 20), the court finds that this additional claim does not foreclose the application of res judicata. That is, as discussed previously, it is the similarity of the claim's factual predicate that is the crucial factor in applying res judicata, not the legal theory upon which the claim is based. *See Citibank,* 904 F.2d at 1503. Based on the foregoing, the court finds that all four elements of res judicata have been satisfied, thus, barring Plaintiff's ERISA claims asserted in this action.

## CONCLUSION

The court finds that summary judgment is due to be entered in favor of Defendant and against Plaintiff. A judgment in accordance with this Memorandum Opinion shall be entered separately.

## *JUDGMENT*

In accordance with the attached Memorandum Opinion and Rule 58 of the *Federal Rules of Civil Procedure,* it is CONSIDERED, ORDERED and ADJUDGED that summary judgment be and the same is hereby GRANTED in favor of Defendant Paul Revere Life Insurance Co. and

5. In *Rinehart,* the plaintiff filed an action alleging an unconstitutional arrest. 454 F.2d at 313. Two years prior to filing suit, the district court had dismissed the plaintiff's lawsuit arising from the same facts and also had denied without reason the plaintiff's subsequent motion for leave to amend his Complaint. *Id.* at 314. In holding that the plaintiff's action was barred based on res judicata, the Seventh Circuit held that in the prior lawsuit Plaintiff had the "burden of persuading the district court either to include a specification that the dismissal is without prejudice or to permit an amendment. If plaintiff is unsuccessful, his recourse is to appeal." *Id.* at 315.

against Plaintiff Janice Hrabe, and that Plaintiff take nothing by her said suit.

·It is further CONSIDERED and ORDERED that all costs herein incurred be and the same are hereby taxed against Plaintiff, for which let execution issue.