**C.I.T. CORPORATION,**
**Plaintiff-Appellee,**

v.

**Patricia A. NELSON,**
**Defendant-Appellant.**

No. 84–7310.

United States Court of Appeals,
Eleventh Circuit.

Sept. 21, 1984.

John R. Chiles, Birmingham, Ala., for defendant-appellant.

Gilbert E. Johnston, Jr., Ralph H. Smith, Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

BY THE COURT:

CIT Corporation (CIT) filed this civil action against Patricia A. Nelson (Nelson) seeking to collect a deficiency arising from a conditional sales contract executed by Nelson's ex-husband and guaranteed by Nelson. The guaranty agreement provided, in-part, for the payment for "all losses, costs, attorneys' fees or expenses" which may be suffered by consequence of default. The district court entered an order on February 21, 1984 granting summary judgment in favor of CIT and against Nelson in the amount of $114,773. The court further ordered CIT to submit affidavits requesting attorneys' fees within ten days and Nelson to submit counteraffidavits within seven days thereafter. On March 16, 1984, the court ordered Nelson to pay CIT an additional $8,232 for attorneys' fees. Nelson filed a timely motion for new trial or vacation of judgment under Fed.R.Civ.P. 59 and 60. The court denied the motion on April 2, 1984. Nelson filed a notice of appeal on May 1, 1984.

CIT moves to dismiss the appeal as untimely, because it was filed more than 30 days after the February 21, 1984 judgment of the district court. Fed.R.App.P. 4(a)(1).

The issue for decision, therefore, is whether an order resolving all contractual issues except attorneys' fees is final, therefore requiring immediate appeal.

■ The finality of an order, which determines all the issues except for the award of attorneys' fees "depends on the circumstances of each case." [1] *McQurter v. City of Atlanta*, 724 F.2d 881, 882 (11th Cir.1984). The *McQurter* court adopted the following analysis:

> When attorney's fees are similar to costs ... or collateral to an action ... a lack of determination as to the amount does not preclude the issuance of a final appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment.

*Id.* at 882 (quoting *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143, 1146 (5th Cir.1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983)).

This distinction accords with the court's analysis in *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982). There, the court focused on whether the attorneys' fees were "compensation for the injury giving rise to an action." *Id.* at 452, 102 S.Ct. at 1166.

■ The instant contract provides for the recovery of attorneys' fees as part of CIT's compensation for injury upon default. In this situation, the attorneys' fees are an integral part of the merits of the case. The district court's order was not final until the attorneys' fee award was determined. Nelson therefore filed a time-ly notice of appeal, and the motion to dismiss is accordingly

DENIED.

---

**1.** Several other circuits have adopted the rule that all attorney's fees requests are collateral to the main action. *See e.g., International Association of Ironworkers Local Union 75 v. Madison Industries, Inc.*, 733 F.2d 656 (9th Cir.1984); *Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131, 133 (6th Cir.1980). We reject such a bright-line test because it conflicts with the court's analysis in *White*, 445 U.S. at 451, 102 S.Ct. at 1166, and unnecessarily promotes piecemeal litigation and multiple appeals. See generally *Federal Civil Appellate Jurisdiction: An Interlocutory Restatement* 47–2 Law & Contemp.Probs. 13 (1984) for an extensive discussion of current federal interlocutory appeals policy and practice.