778 F.2d 704
 BANK SOUTH LEASING, INC., a Georgia Corporation, Plaintiff-Appellee,
v.
James R. WILLIAMS and Julius M. Garner, Defendants-Appellants.
BANK SOUTH LEASING, INC., a Georgia Corporation, Plaintiff-Appellant,
v.
FLORIDA NATIONAL BANK OF ORLANDO, a National Banking
Association, Defendant-Appellee.
BANK SOUTH LEASING, INC., a Georgia Corporation, Plaintiff-Appellant,
v.
James R. WILLIAMS, Julius M. Garner, Florida National Bank
of Orlando, a National Banking Association, Defendants,
and
Allen G. MacArthur, Defendant-Appellee.
 Nos. 84-3274, 84-3275 and 84-3350.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 19, 1985.
 
 Arthur J. Ranson, III, Orlando, Fla., for Williams and Garner.
 Guy B. Bailey, Jr., Mercedes C. Busto, Miami, Fla., for Bank South Leasing, Inc.
 William G. Cooper, Jacksonville, Fla., for Fla. Nat. Bank of Orlando.
 Appeals from the United States District Court for the Middle District of Florida.
 ON PETITIONS FOR REHEARING
 (Opinion Sept. 3, 1985, 11 Cir., 769 F.2d 1497).
 Before VANCE, ANDERSON* and HENLEY**, Circuit Judges.
 PER CURIAM:
 
 
 1
 On our original consideration of these three consolidated appeals, Bank South Leasing, Inc. v. Williams, 769 F.2d 1497 (11th Cir.1985), we concluded that an unresolved award of attorneys' fees deprived the district court's judgment of finality. We therefore dismissed all three appeals for want of appellate jurisdiction. On petition for rehearing the panel was made aware that on July 5, 1985, between the time of oral argument and the time of our dismissal, the district court entered a final judgment in which it made the attorneys' fee award. Under the circuit's precedents the district court's July 5th judgment cured the jurisdictional defect and made dismissal improper. See Rivers v. Washington County Board of Education, 770 F.2d 1010, 1011 (11th Cir.1985); Martin v. Campbell, 692 F.2d 112, 114 (11th Cir.1982). We therefore grant the petitions for rehearing, vacate our prior dismissal of these appeals and turn to the merits of these cases.
 
 
 2
 In No. 84-3350 Bank South appeals the failure of the trial judge to award post-judgment interest on the punitive damages award against MacArthur on the fraud claim. Under 28 U.S.C. Sec. 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Pursuant to this statute, Bank South was entitled to post-judgment interest on the entire award, including the punitive damages, from the date of the original judgment. See Dorsey v. Honda Motor Company, 673 F.2d 911, 912 (5th Cir. Unit B), cert. denied, 459 U.S. 880, 103 S.Ct. 177, 74 L.Ed.2d 145 (1982). We therefore vacate the district court's judgment in this case and remand with instructions that, in conformity with the statute, judgment be entered with interest awarded on the entire amount from the date of the original order.
 
 
 3
 In No. 84-3275 Bank South appeals the district court's grant of a directed verdict to First National Bank of Orlando ("FNBO") on Bank South's fraud claim. In reviewing the directed verdict we must determine whether the evidence of fraud was of "such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir.1969) (en banc). As we have stated previously, "[a] mere scintilla of evidence is insufficient to present a question for the jury; there must be a conflict in substantial evidence to create a jury question." Kaye v. Pawnee Construction Co., 680 F.2d 1360, 1364 (11th Cir.1982). After examining the transcript, we conclude that the evidence does not adequately support a claim of fraud against FNBO for publishing a false or misleading credit report on Polar Chips to Bank South. The specific evidentiary base on which Bank South's claim depends is an omission in a credit memo written by Greg Moore of Bank South's credit department purportedly summarizing a conversation Moore had with MacArthur concerning Polar Chips' credit status. The fact, content and circumstances of the conversation and the accuracy and completeness of the memo were not established by any live testimony. Bank South relies solely on the absence of the omitted information in the memo to establish that it was not discussed during the conversation. We agree with the district court that the mere memo combined with other evidence simply tending to cast MacArthur in an unfavorable light was insufficient to support the claim of fraud. There also was no evidence other than the memo that MacArthur was acting within the scope of his employment when he relayed the credit information about Polar Chips. We therefore affirm the district court's directed verdict in favor of FNBO.
 
 
 4
 The third appeal, No. 84-3274, is more troublesome than the other two. Defendants Williams and Garner claim that the district court erred in failing to charge the jury properly concerning their asserted affirmative defenses and in improperly providing the jury with a supplemental written instruction defining estoppel without informing counsel for either side. We note first that in this circuit "[t]he proper standard of review on jury instructions is to view the challenged instructions 'as part of the entire charge, in view of the allegations of the complaint, the evidence presented, and the arguments of counsel, to determine whether the jury was misled and whether the jury understood the issues.' " National Distillers and Chemical Corp. v. Brad's Machine Products, Inc., 666 F.2d 492, 497 (11th Cir.1982) (quoting First Virginia Bankshares v. Benson, 559 F.2d 1307, 1316 (5th Cir.1977), cert. denied, 435 U.S. 952, 98 S.Ct. 1580, 55 L.Ed.2d 802 (1978)). A jury need be instructed on a legal theory only if the evidence adduced at trial is sufficient to justify the instruction. Foster v. Ford Motor Co., 621 F.2d 715, 717 (5th Cir.1980). And, "[p]lain error is found ... if 'the deficient charge is likely responsible for an incorrect verdict which in itself creates a substantial injustice.' " Rodrigue v. Dixilyn Corp., 620 F.2d 537, 540 (5th Cir.1980) (quoting Jamison Co. v. Westvaco Corp., 526 F.2d 922, 933 (5th Cir.1976), cert. denied, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981)). With these standards in mind, we conclude that the district court erred in failing to instruct the jury on the affirmative defenses listed in the special interrogatory verdict submitted to the jury. Federal Rule of Civil Procedure 49, concerning special verdicts and interrogatories, states that "[t]he court shall give to the jury such explanation and instruction ... as may be necessary to enable the jury to make its findings upon each issue." The four affirmative defenses asserted by Williams and Garner were failure of consideration, mutual mistake, frustration of purpose, and unconscionability.[1] After examining the record, we find that evidence exists that could support a finding in favor of the defendants, Williams and Garner, on one or more of their asserted affirmative defenses had the jury been properly instructed on these defenses. Because of these deficient jury instructions, we therefore reverse the district court's decision in favor of Bank South in this particular appeal and remand the case for a new trial.[2]
 
 
 5
 Petitions for Rehearing GRANTED and Dismissal of Appeals VACATED.
 
 
 6
 No. 84-3350 district court's judgment VACATED and REMANDED with instructions.
 
 
 7
 No. 84-3275 AFFIRMED.
 
 
 8
 No. 84-3274 REVERSED and REMANDED.
 
 
 
 *
 Judge Anderson recused himself after oral argument in this case. This opinion is rendered by a quorum of the panel
 
 
 **
 Hon. J. Smith Henley, U.S. Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 We note that the trial court did instruct the jury on the unconscionability defense but not the other three
 
 
 [2]
 We find it unnecessary to reach the issue of whether the trial judge's supplementary written instruction to the jury concerning estoppel was error since the jury never reached the issue. Because the jury rejected all four affirmative defenses below, it was unnecessary for the jury to consider whether the defendants were estopped from raising them. We caution, however, that this conduct on the part of the trial judge was likely improper. See United States v. United States Gypsum Co., 438 U.S. 422, 461-62, 98 S.Ct. 2864, 2885-86, 57 L.Ed.2d 854 (1978); Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 81, 39 S.Ct. 435, 436, 63 L.Ed. 853 (1919)