Sidney L. JAFFE, Plaintiff-Appellant,

v.

SUNDOWNER PROPERTIES, INC., formerly Nortek Properties, Inc., a Florida Corporation, and Nortek, Inc., a Rhode Island Corporation, Defendant-Appellee.

No. 86–5027
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 2, 1987.

---

Sidney L. Jaffe, pro se.

John A. Bussain, Morgan, Lewis & Bockius, Miami, Fla., for Sundowner Properties, Inc.

John D. Donovan, Jr., Ropes & Gray, Paul B. Galvani, Boston, Mass., Benedict P. Kuehne, Bierman, Sonnett, Shohat & Sale, Miami, Fla., for Nortek, Inc.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

Sidney L. Jaffe, appearing *pro se*, appeals the district court's order dismissing his contract action with prejudice and awarding attorney's fees to the defendants, pursuant to Fed.R.Civ.P. 37(d). Because the amount of attorney's fees has not yet been fixed, the order appealed from is not a final judgment. In a case apparently of first impression in this Circuit, we hold that until the amount of attorney's fees has been determined, a Rule 37(d) sanction order is not final for purposes of appeal under 28 U.S.C.A. § 1291. The appeal is dismissed for want of jurisdiction.

The district court found that Jaffe failed to attend four properly noticed depositions or to respond to the defendants' document requests, and granted defendants' Rule 37(d) motions for sanctions, dismissing the complaint and awarding attorney's fees. From the face of the order it appears that the district court contemplated a hearing to determine the amount of the attorney's fees award.

This Circuit has previously indicated that it would follow the Fifth Circuit in determining the finality of an order which determines all the issues except for the amount of attorney's fees:

When attorney's fees are similar to costs ... or collateral to an action ... a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment.

*McQurter v. City of Atlanta*, 724 F.2d 881, 882 (11th Cir.1984) (quoting *Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143, 1146 (5th Cir.1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983)).

Rule 37(d) relates to options available to a court to make such orders as are just when a party fails to "Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection." An award of attorney's fees constitutes an alternative part of the Rule 37(d) sanctions:

In lieu of any order [concerning other sanctions] or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The award of attorney's fees is part of the package of available discovery sanctions. *See* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2675, at 302 (1983); 4A *Moore's Federal Practice* ¶ 37.05 (2 ed. 1984). Thus, the Rule 37(d) attorney's fee award is distinguishable from situations where the inquiry into an attorney's fees award com-

mences after a "prevailing party" has been determined. *See, e.g., White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 451–52, 102 S.Ct. 1162, 1166–67, 71 L.Ed.2d 325 (1982) (section 1988 attorney's fees are collateral to the merits of a section 1983 action); *McQurter*, 724 F.2d at 882 (same); *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1551 (11th Cir.) (Title VII attorney's fees), *cert. denied,* — U.S. —, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986).

The attorney's fees sanction is not separable from the imposition of the dismissal sanction, because both sanctions relate to the same factual setting under which it is determined whether the "failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d). The district court here specifically recognized the nexus between the two sanctions when it found that "[t]he facts that render dismissal appropriate here also render an award of expenses and fees appropriate." Thus a Rule 37(d) attorney's fee award is a sanction in and of itself, and may well be an alternative chosen by the court over other available sanctions. It follows that such an award is not similar to costs at all.

Since the award of attorney's fees is not collateral to a dismissal under Rule 37(d), but a part of the sanction, the amount of the award must be determined before there can be a complete review of the court's Rule 37(d) order. *See e.g., Fort v. Roadway Express, Inc.*, 746 F.2d 744, 748 (11th Cir.1984) (Title VII attorney's fees).

There being no appealable judgment, this Court is without jurisdiction to hear the merits of this appeal, which must be dismissed for lack of jurisdiction. When the amount of the Rule 37(d) attorney's fees award is fixed and the district court issues a final order, if an appeal is taken, the parties may refile the briefs heretofore submitted on the merits, with such supplemental briefing as they desire.

APPEAL DISMISSED.