Jose ANGLADA and Isaura Anglada, his wife, Plaintiffs-Appellees,

v.

Wilma SPRAGUE, and Harry A. Wright, Defendants-Appellants,

John Doe, Richard Roe, Defendants.

No. 86–5671.

United States Court of Appeals, Eleventh Circuit.

July 29, 1987.

---

William S. Weisman, Ft. Lauderdale, Fla., for defendants-appellants.

Albert F. Tellechea, Ambrette & Tellechea, P.A., Orlando, Fla., for plaintiffs-appellees.

Before RONEY, Chief Judge, VANCE, Circuit Judge, and PITTMAN *, Senior District Judge.

PER CURIAM:

In this diversity action for breach of contract, breach of guarantee and fraudulent misrepresentation, the defendants lost a jury verdict when they did not attend the trial and their counsel cross-examined plaintiffs' witnesses but put on no evidence and moved for a directed verdict at the close of the plaintiffs' case. They contend *first*, that they should be granted a new trial because they were unable to testify in defense of this civil action because of pending state criminal charges against them, and *second*, that they were entitled to a judgment notwithstanding the verdict because of the Florida Statute of Frauds and a failure of proof on actionable fraud and punitive damages. We affirm.

The plaintiffs, Jose Anglada and Isaura Anglada, sued Wilma Sprague and Harry A. Wright on two $25,000 Balloon Mortgage Notes in which they had invested and which had been executed by APT Mortgage Corporation ("APT") and Charme Properties. Sprague and Wright were officers of APT, received commissions on the investments brought to APT, and sent the APT investment literature to the Angladas, including a document entitled "Operating Procedure," which provided:

> In addition, the security of the mortgage deed itself, the investor, through the promissory note, receives a guarantee from APT Mortgage as a Corporation, and from its officers, as individuals, that the investor will be paid as contracted (emphasis in original).

Both Sprague and Wright assured the Angladas that they personally guaranteed the mortgages. After making only one payment, APT defaulted on the promissory notes and filed for bankruptcy. In July 1985, the Angladas commenced this diversity action against Sprague and Wright.

On April 30, 1986, the State of Florida filed a criminal information against Sprague and Wright charging them with mortgage fraud and grand theft. Sprague and Wright then sought a stay of the civil action, pending the outcome of the state criminal proceedings, which was denied by the district judge. The Angladas produced evidence before the jury that included the personal guarantee made in the investment literature and the defendants' subsequent

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

oral statements confirming that they personally backed the notes. The district court entered judgment on the jury's $54,-042 verdict for the Angladas and denied defendants' motion for a new trial and for judgment notwithstanding the verdict.

Sprague and Wright contend that it was fundamentally unfair to compel them to choose between preserving their Fifth Amendment privilege and defending the civil action. The Fifth Amendment privilege against compulsory self-incrimination must be claimed, however, with respect to particular questions. A defendant's "blanket" refusal to answer all questions is unacceptable since it forces the reviewing court to speculate as to which questions would tend to incriminate. *United States v. Malnik*, 489 F.2d 682, 685 (5th Cir.), *cert. denied*, 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974). Here, Sprague and Wright did not attend the trial and simply asserted the unacceptable "blanket" refusal to testify.

In any event, the appellants overstate their dilemma. In *United States v. White*, 589 F.2d 1283, 1287 (5th Cir.1979), this Court rejected the same argument made here where there was no indication that the invocation of the Fifth Amendment would have necessarily resulted in an adverse judgment. In *Hoover v. Knight*, 678 F.2d 578 (5th Cir. Unit B 1982), this Court held that the failure to postpone an administrative hearing concerning a police officer pending resolution of related criminal charges did not violate the privilege against compelled self-incrimination where there was no indication that undue weight was given to silence of the officer who refused to testify.

The appellants had other remedies available to them in addition to the stay. The district court acknowledged Sprague's Fifth Amendment privilege in granting her motion for a protective order in an *in camera* ruling regarding particular interrogatories propounded by the Angladas. The court ordered the answers sealed and issued orders directing the attorneys and the parties not to divulge the contents. Appellants could have requested a closed hearing and a sealed record and could have presented evidence other than through their own testimony. *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979), *reh'g denied*, 611 F.2d 1026 (1980), upon which appellants rely, involved a refusal to answer specific questions, not a refusal to participate in a trial on a blanket assertion of the Fifth Amendment privilege. In sum, the defendants' decision not to be present and testify, during the civil action, and to simply rely on a directed verdict, amounted to pure trial strategy and clearly does not warrant a new trial.

Defendants moved for a directed verdict at the close of plaintiffs' case, and for a judgment notwithstanding the verdict on three grounds: *first*, that the Florida Statute of Frauds prohibited an action based upon unwritten promises to pay the debts of third parties in the absence of any independent consideration running to the guarantor, *citing* Fla.Stat. § 725.01 (1981) and *American Atlantic Lines v. Ros Forwarding, Inc.*, 441 So.2d 1153 (Fla. 3d DCA 1983), *second*, that the evidence was insufficient to sustain a finding of fraud under Florida law, *citing Shee-Con, Inc. v. Al Seim Appraisal Service, Inc.*, 427 So.2d 311 (Fla. 5th DCA 1983), and *third*, that the evidence did not show that Sprague and Wright acted willfully, wantonly or with a disregard of the rights of plaintiffs, as required for an award of punitive damages under Florida law, *citing Dean Witter Reynolds, Inc. v. Leslie*, 410 So.2d 961 (Fla. 3d DCA 1982) and *Winn & Lovett Grocery Co. v. Archer*, 126 Fla. 308, 171 So. 214, 221 (1936).

Although the statute of frauds may not have been properly raised in the answer, as required by Fed.R.Civ.P. 8(c), and does not appear to have been specifically reserved as an issue of fact for the jury in the Pre-Trial Stipulation nor submitted to the jury, a review of the record reveals that the district court could properly deny these motions on the merits. Aside from the sufficiency of written evidence to satisfy the statute of frauds, there was independent consideration to defendants, at least in the form of plaintiffs' investment, to de-

fendants' benefit, on defendants' promise to guarantee the investment. This case is unlike *American Atlantic Lines v. Ros Forwarding, Inc.* where there was apparently nothing in writing and apparently no benefit to the corporate guarantor. In any event, the evidence was clearly sufficient to support the fraud count, which alone would support the judgment based on the jury's separate verdict. Contrary to appellants' argument, there was a sufficient basis to award the punitive damages in this case.

AFFIRMED.