F.F. "Dusty" IERNA, P.Y. Costello, Inc., a Florida corporation, Richard S. Wilbur, Orlando Dance Studio Corp., a Florida corporation, Altamonte Springs Dance Studio Corp., a Florida corporation, Joseph P. Davenport, Tony D. Fudge, Tee Dee of St. Petersburg, Inc., a Florida corporation, Corporation 101, a Florida corporation, Corporation 102, a Florida corporation, Leslie Herman, Dance Studios of Charleston, Inc., a South Carolina corporation, Daniel Caballero, Wanda Mattox, Mattox Enterprises, Inc., a Louisiana corporation, Jacqueline Walls, T.A.A.M., Inc., a Georgia corporation, Town & Country of Baton Rouge, Inc., a Louisiana corporation, Jacques Debeve, Rosalyn Debeve, P.A.M., Inc., an Arizona corporation, T.A.M., Inc., an Arizona corporation, Plaintiffs–Appellants,

v.

ARTHUR MURRAY INTERNATIONAL, INC., a Delaware corporation, Sam Costello, George Theiss, Charles Pistole, Harold Plummer, James Banta, Philip Masters, Defendants–Appellees.

No. 86–5804.

United States Court of Appeals, Eleventh Circuit.

Dec. 14, 1987.

---

Irving Morris, Newark, N.J., Franzblau & Falkin, P.A., S.M. Chris Franzblau, Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin, P.A. Roseland, N.J., for plaintiffs-appellants.

Marc P. Seidler, Rudnick & Wolfe, Chicago, Ill., for defendants-appellees.

Before VANCE and CLARK, Circuit Judges, and GARZA,* Senior Circuit Judge.

VANCE, Circuit Judge:

This case involves an award by an arbitration panel of attorneys' fees to the prevailing party. This appeal presents the issues of whether the attorneys' fees award is integral or collateral to the decision on the merits, and whether the district court properly remanded the case to the arbitrators to determine the amount of costs and expenses to be awarded. We defer to the arbitration panel's interpretation of the arbitration provisions in the franchise agreements at issue, and hold that the award of attorneys' fees was proper.

## I.

This case has bounced around a bit before this current appeal. On November 3,

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1982 a group of twenty-seven present and former franchisees sued Arthur Murray International, Inc. and several of its present and former officers, directors, and shareholders. The amended complaint alleged causes of action under the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, Florida statutory law, and various common law theories of fraud and breach of contract. On September 19, 1983 the district court denied the defendants' motion to dismiss, but granted their motion for a stay of the proceedings pending arbitration pursuant to arbitration provisions of the franchise agreements.[1]

On March 30, 1984 plaintiffs filed their demand for arbitration. Hearings were held before the arbitration panel in October and December of 1984, and on April 14, 1985 the arbitrators denied all of the plaintiffs' claims. The panel also ordered that the administrative fees of the American Arbitration Association be borne by the plaintiffs, and that the compensation for the neutral arbitrator appointed by the Association be borne by the parties equally. This award is not central to the current appeal.

The defendants then filed a motion in the district court to modify the arbitral award to include costs, expenses and attorneys' fees, or in the alternative to confirm the award but remand the case to the arbitration panel to determine costs and expenses. Defendants apparently had neglected to ask the arbitrators for costs and attorneys' fees, or at least had failed to present any evidence before the arbitrators on the issue. On September 23, 1985 the district court remanded the case to the arbitrators, who by a 2–1 vote awarded $128,738.52 to defendants, including $95,000 for attorneys' fees. After more motions and hearings before the district court, the court on April 23, 1986 confirmed the amended arbitral award and denied plaintiffs' motion to vacate it.

There were more motions still to come, however. On April 30 the defendants, apparently having forgotten to raise the issue in their previous appearances before the district court, filed a motion to tax the costs of the two confirmation proceedings. The plaintiffs filed on May 6 a motion for reconsideration of the April 23 order and for denial of defendants' motion to tax costs. On May 22 the district court denied the plaintiffs' motion for reconsideration. The plaintiffs, however, already had filed a notice of appeal to this court on May 21 (No. 86–5411). The district court meanwhile awarded defendants $9,473.25 in confirmation costs on September 5 without remanding to the arbitration panel, and plaintiffs appealed this order twenty-five days later (No. 86–5804).

The defendants next filed a motion in this court on November 22, 1986 to dismiss the appeal in No. 86–5411 because plaintiffs' motion for reconsideration was still pending in the district court when they filed the notice of appeal. On January 6, 1987 this court dismissed plaintiffs' appeal in No. 86–5411. Plaintiffs responded by filing a motion in this court to amend their appeal fo the district court's September 5 order taxing confirmation costs (No. 86–5804) to include an appeal of the April 23 order confirming the amended arbitral award. Plaintiffs argued that the April 23 order did not become final and appealable until the district court's September 5 order.

On March 20, 1987 a panel of this court deferred ruling on plaintiffs' motion to amend the notice of appeal in No. 86–5804. The court instructed all parties to address in their briefs both the procedural issues and the merits of the case.

## II.

### A.

Appellees argue initially that the only order properly before this court on appeal is the district court's September 5 order awarding confirmation costs of $9,473.25,

---

1. There are two franchise agreements involved in this litigation, one dated 1977 and the other 1981. Most of the plaintiffs signed the 1977 agreement, but a few signed the 1981 agreement. The two agreements contain a difference in the language providing for awards of costs and expenses to the prevailing party. See infra Part II. A.

and not the April 23 order awarding costs and attorneys' fees of $128,738.52. The resolution of this issue depends on whether the award of costs and attorneys' fees is integral or collateral to the merits of the case. If the award is integral to the merits, then the April 23 order was not final and appealable until September 5, when the district court made its final award of the costs associated with the confirmation proceedings.[2]

■ Whether a district court order resolving all issues in a case except an award for attorneys' fees is final and appealable depends on the circumstances.[3] *C.I.T. Corp. v. Nelson,* 743 F.2d 774, 775 (11th Cir.1984); *McQurter v. City of Atlanta,* 724 F.2d 881, 882 (11th Cir.1984) (citing *Holmes v. J. Ray McDermott & Co.,* 682 F.2d 1143, 1146 (5th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983)). The test in this circuit is well established:

> When attorney's fees are similar to costs or collateral to an action, a lack of deter-

mination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment.

*Holmes,* 682 F.2d at 1146 (citations omitted); *see also Beckwith Mach. Co. v. Travelers Indem. Co.,* 815 F.2d 286, 288–89 (3rd Cir.1987) (collecting Fifth and Eleventh Circuit cases applying the *Holmes* test).[4] This test has evolved pursuant to the Supreme Court's directive that the inquiry should focus on whether or not the attorneys' fees are "compensation for the injury giving rise to an action" and whether the "award is uniquely separable from the cause of action...." *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 452, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982); *C.I.T. Corp.,* 743 F.2d at 775.[5]

2. The April 23 order concludes: "Judgment is entered in favor of the defendants in the sum of $128,738.52 plus interest, costs and attorneys' fees incurred in confirmation proceedings." The district court did not determine the exact dollar amount. Instead, both sides filed more motions and memoranda, and on September 5 the court awarded the $9,473.25 in additional costs and attorneys' fees in an order granting defendant's motion to tax costs connected with the confirmation of the amended award.

3. This court rejected the rule that all attorneys' fees requests are collateral to the main action in *C.I.T. Corp. v. Nelson,* 743 F.2d 774, 775 n. 1 (11th Cir.1984). The court explained that such a rule is inconsistent with the Supreme Court's analysis in *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982), and "unnecessarily promotes piecemeal litigation and multiple appeals." *C.I.T. Corp.,* 743 F.2d at 775 n. 1.

We realize that several circuits follow a bright line rule that attorneys' fees awards are always collateral to the merits. *See, e.g., Budinich v. Becton Dickinson & Co.,* 807 F.2d 155, 157–58 (10th Cir.1986); *United States v. Estridge,* 797 F.2d 1454, 1459 (8th Cir.1986); *Morgan v. Union Metal Mfg.,* 757 F.2d 792, 794–95 (6th Cir.1985); *International Ass'n of Bridge Ironworkers' Local Union 75 v. Madison Indus., Inc.,* 733 F.2d 656, 658–59 (9th Cir.1984). Other courts, however, have joined this circuit in rejecting such a rule. *See Beckwith Mach. Co. v. Travelers Indem. Co.,* 815 F.2d 286, 290 (3rd Cir.1987); *F.H. Krear &*

*Co. v. Nineteen Named Trustees,* 776 F.2d 1563, 1564 (2nd Cir.1985); *Holmes,* 682 F.2d at 1146–47 & n. 7. The Seventh Circuit adopted the rule, but only reluctantly. *See Exchange Nat'l Bank of Chicago v. Daniels,* 763 F.2d 286, 291 (7th Cir.1985). *See generally Beckwith Mach. Co.,* 815 F.2d at 288–90 & n. 5 (reviewing split in circuits on collateral/integral distinction).

4. In *Bank South Leasing, Inc. v. Williams,* 769 F.2d 1497, 1499–1500 (11th Cir.), *vacated on other grounds,* 778 F.2d 704, 705 (11th Cir.1985), the court adopted and applied the same test. Appellees argue that because the original *Bank South* opinion was vacated on rehearing, it is not binding precedent. This is true. The vacated *Bank South* opinion, however, correctly states the law in this circuit.

5. The Seventh Circuit has rejected "as altogether too metaphysical" the distinction between attorneys' fees awards that are compensation for the underlying injury and those that are not. *Exchange Nat'l Banks of Chicago v. Daniels,* 763 F.2d 286, 293 (7th Cir.1985). The Seventh Circuit believed that "[a]ll awards of fees make the prevailing party better off. Whether this benefit is 'really' a way to compensate for the underlying hurt or instead a way to reduce the cost of litigation, thus making redress of the underlying hurt more likely and leaving the prevailing party with a greater net award, is a question of semantics rather than substance." *Id.*

This analysis incorrectly treats all injuries as sale-transactions. *See M. Radin, Market-Inal-*

When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case. *See C.I.T. Corp.*, 743 F.2d at 775 (guaranty agreement); *see also F.H. Krear & Co. v. Nineteen Named Trustees*, 776 F.2d 1563, 1564 (2nd Cir.1985) (contract); *Oxford Prod. Credit Ass'n v. Duckworth*, 689 F.2d 587, 588–89 (5th Cir.1982) (promissory note).[6] In this case, the parties to both franchise agreements provided that the prevailing party would be entitled to costs and expenses.[7] Paragraph 21(h)(7) of the 1977 agreement provides: "The prevailing party in arbitration shall be awarded in addition to damages, injunctive relief, specific performance or other relief, any and all costs of investigation and proof of facts, arbitrators' fees, and other costs of arbitration, as applicable." Paragraph 20(b) of the 1981 agreement provides in part: "The prevailing party in the arbitration shall be awarded, in addition to any other relief granted, all of its costs and expenses of any such arbitration proceeding, including reasonable attorneys' fees."

Because the parties provided in their agreement for costs and expenses to be awarded to the prevailing party, the award is integral to the merits. The district court's order, therefore, did not become final and appealable until the court calculated the final award of costs and expenses to appellees as prevailing parties. This occured on September 23, when the district court awarded appellees the $9,473.25 in confirmation costs. Because appellants appeal from that order, we treat the notice of appeal as amended and hold that the entire case is now properly before this court.

B.

Appellants argue that the district court committed reversible error by confirming the arbitrators' award. Appellants interpret the language of the 1977 agreement, which only awards to the prevailing party "any and all costs of investigation and proof of facts ... and other costs of arbitration," to preclude the award of attorneys' fees.[8] Thus they argue that the arbitrators were without authority to award attorneys' fees to appellees.

Appellants advance several cogent and persuasive arguments why the language of the 1977 agreement should not be interpreted to include attorneys' fees. These arguments, however, presumably and hopefully were made to the arbitrators when the issue of costs and expenses was before the panel. We believe the 1977 language is sufficiently ambiguous so that the interpretation given by the arbitrators should not be disturbed. *See United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960); *Wallace v. Civil Aeronautic Bd.*, 755 F.2d 861, 863–65 (11th Cir.1985); *Drummond Coal Co. v. United Mine Workers of Am.*, 748 F.2d 1495, 1497–98 (11th Cir.1984); *Loveless v. Eastern Air Lines, Inc.*, 681 F.2d 1272, 1275–76 (11th Cir.1982); *Boise Cascade Corp. v. United Steelworkers of Am.*, 588 F.2d 127, 128–29 (5th Cir.), *cert. denied*, 444 U.S. 830, 100 S.Ct. 57, 62 L.Ed.2d 38 (1979).

Courts are not to vacate arbitral awards except in the rare instances when

---

*ienability*, 100 Harv.L.Rev. 1849, 1859 (1987). We believe that there is a difference between an award of attorneys' fees that is designed to compensate for the injury, and an award that reduces the costs of seeking compensation through litigation.

6. This court has found attorneys' fees integral to the merits in cases that do not involve contractual agreements. *See, e.g., Jaffe v. Sundowner Properties, Inc.*, 808 F.2d 1425, 1427 (11th Cir. 1987) (Rule 37(d) attorneys' fee sanction); *Fort v. Roadway Express, Inc.*, 746 F.2d 744, 747–48 (11th Cir.1984) (attorneys' fees award in Title VII case).

7. Because the source of the attorneys' fees award is the arbitration provision in the franchise agreement, appellants' argument that the award is in violation of the public policy behind the RICO, anti-trust, and civil rights statutes, is without merit.

8. There is no dispute that the 1981 agreement, which only three of the twenty-seven plaintiffs signed, provides for the award of attorneys' fees to the prevailing party.

the arbitrators commit an egregious error, make an irrational award, or exceed a specific contractual limitation on the scope of their authority. *Wallace*, 753 F.2d at 863. While we disagree with appellees that the 1977 agreement *clearly* indicates the parties intended the prevailing party to recover attorneys' fees, we agree that the language of the agreement is susceptible to that interpretation. Whether this language included attorneys' fees was an arbitrable issue, and the arbitrators' interpretation is reasonable.

Appellants argue that the reason the arbitrators interpreted the 1977 language to include attorneys' fees as an element of costs is because the district court instructed them to do so. Were this the case, we might subject the arbitrators' interpretation to a more rigorous review. The district court, however, did not remand the case to the arbitrators to determine the amount of attorneys' fees to be awarded appellees. The district court's September 23 order remanded the case to the arbitrators "for a determination of such costs and expenses to which the defendants may be entitled." [9] Thus it was the arbitration panel, not the district court, that interpreted the 1977 language to include attorneys' fees.[10]

### III.

The district court's judgment confirming the arbitrators' award of $128,738.52 to appellees in costs and attorneys' fees is AFFIRMED. The district court's judgment awarding appellees $9,473.25 in confirmation costs is AFFIRMED.

9. Appellants also point to language in the district court's order granting defendant's motion to confirm the amended award. That order reads: "On September 23, 1985 this court entered its order ... remanding to arbitrators for further action on defendants' motion to award them their attorneys' fees and costs and expenses of arbitration...." Appellants argue that this language shows that the district court, not the arbitration panel, interpreted the 1977 agreement to encompass attorneys fees.

Appellants erroneously attribute this language to an opinion accompanying the district court's September 23, 1985 remand order. The language relied on by appellants actually is found in the district court's April 23, 1986 order confirming the decision of the arbitrators to award costs and attorneys' fees.

10. Appellants also contend that the September 23 remand to the arbitrators to determine costs and expenses was improper because the panel had "gone out of existence by that time, and under laws of practice it could not come back into existence...." Appellants cite to language from our predecessor court providing "'that once an arbitral board renders a final award, its powers and duties under the submission are terminated,' and 'it is powerless to modify or revoke [its final decision] or to make a new award upon the same issues.'" *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1264 (5th Cir.1980) (quoting *Citizens Bldg. v. Western Union Tel. Co.*, 120 F.2d 982, 984 (5th Cir.1941)).

In this case, however, the arbitral award was not final until the arbitrators determined the amount of costs and expenses to which appellees were entitled. Thus the remand by the district court for this purpose was proper, and it cannot be said that the arbitration panel had "gone out of existence."