Irene ROBBINS and Bert Shepherd, Trustees of the Davis Robbins Family Trust and the Davis Robbins Marital Trust, Plaintiffs,

v.

PAINEWEBBER INCORPORATED, John Day, Jerry Payne; David L. Arnold; W. David East; Owen Vickers; Harvey Gotlieb; Alabama Grease Products Company; Birmingham Hide and Tallow Company, Defendants.

PAINEWEBBER INCORPORATED, Plaintiff,

v.

Irene ROBBINS and Bert Shepherd, Trustees of the Davis Robbins Family Trust and the Davis Robbins Marital Trust, Defendants.

Irene ROBBINS and Bert Shepherd, Trustees of the Davis Robbins Family Trust and the Davis Robbins Marital Trust, Plaintiffs,

v.

David L. ARNOLD, W. David East, Owen Vickers, Harvey Gotlieb, Alabama Grease Products Company, and Birmingham Hide and Tallow Company, Defendants.

Civ. A. Nos. 88–G–0978–S, 88–G–1016–S and 89–G–0613–S.

United States District Court,
N.D. Alabama, S.D.

April 19, 1991.

**774**

Robert B. Eubank, Birmingham, Ala., for plaintiffs.

N. Lee Cooper, A. Inge Selden III and Luther M. Door, Jr., Maynard, Cooper, Frierson & Gale, F. Timothy McAbee, Lee H. Zell, Berkowitz, Lefkovits, Isom & Kushner, J. Mark White, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

GUIN, Senior District Judge.

This cause is before the court on the trustees' petition to vacate the arbitration award and to reinstate the civil action and on motions by defendants for confirmation of the arbitration award. Having considered the briefs and submissions of counsel, the record,[1] and the applicable law, the court finds that the plaintiffs' motion is due to be granted. The court is convinced on multiple grounds that the arbitral award is due to be vacated and the civil action reinstated. Accordingly, defendants' motions are due to be denied.

A relatively brief recitation of the facts and procedural history is necessary at this juncture in the case. The case at bar concerns the management of brokerage accounts established by plaintiffs Irene Robbins and Bert Shepherd with defendant PaineWebber. Plaintiffs established these accounts in their capacities as trustees of the Davis Robbins Family Trust (family trust) and the Davis Robbins Marital Trust (marital trust). The trusts were created in 1972 by the will of Davis Robbins, the now deceased husband of plaintiff Irene Robbins. Mr. Robbins died in 1976, and the trusts were funded upon the closing of his estate several years later.

The plaintiffs established brokerage accounts with PaineWebber for the trusts in November and December 1987. Their broker was John Day. Day had previously been employed at Thomson McKinnon and had managed the trusts' brokerage accounts there. When he moved to PaineWebber, the trustees also moved their accounts, so that Day could continue to manage the accounts.

On June 8, 1988, the plaintiffs brought an action in the 30th Judicial Circuit Court of Alabama, alleging that, in regard to the trusts' accounts, the defendants engaged in unauthorized trading of options, churning, and preferential allocations in relation to the option trading. Plaintiffs allege that this fraudulent mismanagement took place between December 1987 and March 1988. On June 14, 1988, defendants filed a petition to remove the case to this court (CV 88–G–0978–S). On June 20, 1988, the defendants filed an action in this court to compel arbitration of the dispute underly-

---

1. Defendant David East has filed an objection to plaintiffs' April 1, 1991, Notice of Filing. The defendant objects to this filing to the extent it seeks to include in the record any exhibit not admitted during the arbitration of this matter. Exhibits not admitted by the panel have not been considered by the court in reaching the instant decision. Even in the absence of such an objection, such exhibits would not properly be before this court in its consideration of these motions. The court further notes that the filing of this objection was tardy.

ing the original action (CV 88–G–1016–S). A petition for an order compelling arbitration was filed contemporaneously with this second complaint.

The cases were consolidated by order of this court on August 30, 1988. Plaintiffs' motion to remand was denied by this court on August 30, 1988, and the consolidated cases were then allowed to proceed in normal fashion. On January 20, 1989, the trustees filed a motion to amend the complaint to add additional defendants. The plaintiffs sought to add David Arnold, David East, Owen Vickers, Harvey Gotlieb, Alabama Grease Products Company, and Birmingham Hide and Tallow Company as defendants. The defendants objected to this amendment, and on March 10, 1989, this court denied that motion. On April 10, 1989, the plaintiffs filed a separate action in this court naming the aforementioned additional defendants as the defendants in that case (89–G–0613–S). This case was originally assigned to the Honorable James Hancock, then to the Honorable William Acker, and then to the Honorable Edwin Nelson.

The two original cases were sent to arbitration by order of this court on June 8, 1989. For purposes of arbitration, the allegations against defendants Arnold and East made in the last filed case were consolidated with these two cases. Following arbitration, the third case was consolidated with the other two for the limited purpose of deciding the defendants' motions for confirmation of the arbitration award and the plaintiffs' motion to vacate the arbitration award and to reinstate the civil actions. It was later consolidated for all purposes and transferred in its entirety to this judge.

Arbitration hearings were held on July 23–25, October 15–17, December 5–7, and December 18–20, 1990. On January 10, 1991, the arbitrators issued their decision which held defendants John Day and PaineWebber, Inc. jointly and severally lia-

ble to the plaintiffs for the sum of three hundred twenty-five thousand dollars ($325,000.00) exclusive of interest. These defendants were further assessed twenty-one thousand dollars of forum fees. Each party was to bear its own costs and attorneys' fees. The panel further denied the claims for punitive damages and for treble damages under RICO. On its own motion, the panel dismissed with prejudice the claim for damages for emotional pain and suffering. On its own motion, the panel also dismissed with prejudice the claims against defendants Jerry Payne, Arthur James Huff, Bruce A. Bursey, Thomas P. Hart, W. David East, and David L. Arnold.

Claimants have moved for the vacation of the arbitration award and reinstatement of the civil action. The defendants have filed motions for confirmation of the arbitral award. The scope of review of arbitral awards is a narrow one. This court must determine whether a fundamentally fair hearing has taken place. *National Post Office Mailhandlers v. United States Postal Service,* 751 F.2d 834 (6th Cir.1985). The Eleventh Circuit Court of Appeals has stated that "[c]ourts are not to vacate arbitral awards except in the rare instances when the arbitrators commit egregious error, make an irrational award, or exceed a specific contractual limitation on the scope of their authority." *Ierna v. Arthur Murray International, Inc.,* 833 F.2d 1472, 1476–77 (11th Cir.1987). The court finds that the case at bar falls within these strictures.[2] The court finds that the arbitral award is due to be vacated and the civil action reinstated under the provisions of 9 U.S.C. § 10.

■ The arbitration hearings were made up of several three day sessions which were held over a five month period from July to December 1990. In January 1990, prior to the occurrence of any of the hearings, defendants Day, Payne, East, and Arnold (the indicted respondents) were in-

---

**2.** Some of plaintiffs' grounds for vacation, such as bias and partiality, would require an evidentiary hearing to prove or disprove. Such matters cannot be decided on the strength of the arbitral record alone. *Legion Insurance Co. v.*

*Insurance General Agency, Inc.,* 822 F.2d 541, 543 (5th Cir.1987). There exist, however, several grounds supporting vacation which can be decided on the submissions of counsel and the record.

dicted in the 30th Judicial Circuit Court of Alabama on allegations of securities fraud arising from the same set of facts which gave rise to the instant litigation. Consequently, these defendants pled the fifth amendment's provision against self-incrimination at the arbitration hearings and refused to testify except as to their names and current addresses. Under the umbrella of the fifth amendment's privilege against self-incrimination, the arbitration panel (panel) allowed this blanket refusal. This allowance of a blanket fifth amendment plea "is unacceptable since it forces the reviewing court to speculate as to which questions would tend to incriminate." *Anglada v. Sprague*, 822 F.2d 1035 (11th Cir.1987). This error by the panel was an egregious error which, in and of itself, requires the vacation of the award under 9 U.S.C. § 10(c). It constituted a refusal "to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(c).

■ This allowance of a blanket fifth is unacceptable on another significant ground as well. The indicted defendants Arnold, Day, East, and Payne had been deposed in preparation for the original suit (88–G–0978–S). They answered a fairly broad spectrum of questions. For purposes of these actions, they have lost their fifth amendment rights as to the topics invaded

on deposition.[3] Plaintiffs had the right to examine these defendants at the arbitration hearings regarding the invaded topics. The Eleventh Circuit has stated that "[a] witness who testifies at any proceeding, instead of asserting his Fifth Amendment rights, loses the privilege. [*Minnesota v.*] *Murphy*, 465 U.S. [420] at 427, [79 L.Ed.2d 409, 419] 104 S.Ct. [1136] at 1142 [1984]." *U.S. v. White*, 846 F.2d 678, 690 (11th Cir. 1988).[4] The panel's failure to allow examination on the invaded topics constituted a refusal to hear pertinent and material evidence. This failure was a violation of the Federal Arbitration Act requiring vacation of the arbitral award. 9 U.S.C. § 10(c).

■ The plaintiffs further contend that the panel acted in manifest disregard of the law. The court agrees. While the Eleventh Circuit has not adopted this standard, it has defined it. That court has stated that "[t]o prove that an arbitrator manifestly disregarded the law, a party must show (1) that the error is so obvious that it would be 'readily and instantly perceived' by a typical arbitrator, and (2) that the arbitrator was subjectively aware of the proper legal standard but proceeded to disregard it in fashioning the award.... [*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930 at 933 (2d Cir.1986)]. Furthermore, the knowing disregard of the law must be apparent on the

---

3. Defendants East and Arnold attempt to draw a distinction concerning which proceeding they gave the depositions for. They argue that because their depositions were given in relation to the initial case there was no waiver as to the third case. It was as defendants in the third case that they were brought into the arbitration. This is a distinction without a difference. The three cases arose out of the same facts and should have been one case at all times. Indeed, the court has now consolidated them for all purposes. Further, the court has allowed amendment of the initial complaint to add as party defendants the defendants named in the third filed case. Additionally, in their motions to quash deposition subpoenas in the third case, the defendants stated that they were willing to stipulate to the use of the depositions for any evidentiary purpose in the third case. The depositions were admitted into evidence without objection at the arbitration hearing. These defendants cannot now complain that their fifth amendment rights would be violated by their having to testify regarding the topics already

invaded by these depositions. *U.S. v. White*, 846 F.2d 678, 690 (11th Cir.1988).

4. The term waiver is commonly used in relation to the loss of one's fifth amendment rights, but the Supreme Court has abandoned this term. In *Minnesota v. Murphy* the Supreme Court stated that "[w]itnesses who failed to claim the privilege were once said to have 'waived' it, but we have recently abandoned the 'vague term,' *Green v. United States*, 355 US 184, 191, 2 L Ed 2d 199, 78 S Ct 221 [225], 7 Ohio L Abs 202, 61 ALR2d 1119 (1957), and 'made clear that an individual may lose the benefit of the privilege without making a knowing and intelligent waiver.' *Garner v. United States*, [424 U.S. 648] ... at 654, n 9, 47 L Ed 2d 370, 96 S Ct 1178 [1182, n. 9]." *Minnesota v. Murphy*, 465 U.S. 420, 427, 104 S.Ct. 1136, 1142, 79 L.Ed.2d 409, 419 (1984). The term *waiver* is still used in common parlance and will be used herein for its shorthand value but with the clarification previously stated in mind.

face of the record." *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 1410, 1412–13 (11th Cir.1990). The Eleventh Circuit expressed doubt in that opinion that it would ever adopt this standard because of the difficulty involved in meeting it when, as in the typical arbitral award, no rationale is given by the panel. That court, however, did not preclude its application under the proper circumstances. The case at bar presents such circumstances.

In the instant case, the panel held defendants John Day and PaineWebber jointly and severally liable for three hundred twenty-five thousand dollars. No rationale was given, but the panel specifically stated that all RICO claims were denied. As the most likely scenario, PaineWebber suggests in its brief that the panel calculated the plaintiffs' losses from January 25, 1988, forward to arrive at the sum awarded. For purposes of this court's ruling on the matter before it, however, it is essentially immaterial what date was chosen. The critical fact is that by this award the panel acknowledged the occurrence of wrongdoing on the part of the defendants Day and PaineWebber. The question presented is whether having found wrongful conduct the panel showed manifest disregard of the law in fashioning its award. The court finds that it did.

In making its award, the panel by necessity had to have found fraud. The record on its face supports a finding of fraud and deceit.[5] Deceit, misleading by omission, and fraud are all prohibited by the Alabama Securities Act. Ala.Code § 8–6–17. In the face of such violation, the statute requires the award of attorneys' fees and costs. The panel failed to apply the statutory damages provision, Alabama Code § 8–6–19. This failure constitutes a manifest disregard for the law that meets the test defined by the Eleventh Circuit. The

error of not applying this provision would be readily and instantly perceived by a typical arbitrator; these arbitrators were cognizant of the proper legal standard and disregarded it in fashioning the award; and their disregard of the applicable law is indisputably apparent on the face of the record. *Raiford v. Merrill Lynch, Pierce, Fenner & Smith*, 903 F.2d 1410, 1412–13.

■ The court must express its amazement at the panel's denial of RICO (Racketeer Influenced and Corrupt Organizations) claims. In the face of the fraud shown, the court finds that the panel again displayed a manifest disregard for the law by its refusal to apply this statute. RICO specifically includes "fraud in the sale of securities." 18 U.S.C. § 1961(1)(D). The panel specifically denied claims under this statute. Again, the court finds that the Eleventh Circuit's requirements for a finding of manifest disregard of the law have been met. The damages provision of this act should have been applied by the panel. This provision calls for the trebling of damages and the award of attorneys' fees and costs. 18 U.S.C. § 1964(c). No such award was made.

In accordance with the foregoing opinion, arbitration award 89–01737 issued on January 10, 1991, is hereby vacated as to all parties to the above-captioned actions, and the civil proceedings in these cases are hereby reinstated. An order in accordance with this opinion will be entered contemporaneously herewith.

DONE and ORDERED.

## ORDER

This cause is before the court on the trustees' motion to vacate the arbitration award and to reinstate the civil actions. Also before the court are motions by defendants for confirmation of the arbitration

---

5. The wrongs committed were not acts of negligence. Nothing in the record suggests that the loss suffered by the plaintiffs was the product of negligence. If the court were to remand the case to the panel for clarification of its decision and the panel were to state that its award was based on a finding of negligence, this court would have to vacate the award as totally arbi-

trary, capricious, and irrational. *Ierna v. Arthur Murray International, Inc.*, 833 F.2d 1472, 1476–77 (11th Cir.1987). Such a remand would, therefore, be a moot exercise. This theory is not argued by defendants' counsel, but negligence was pled. The court, therefore, has addressed and dispensed with this theory as a possible basis for the award.

award. In accordance with the opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DE-CREED that the trustees' motion to vacate the arbitration award 89–01737, entered January 10, 1991, by a National Association of Securities Dealers, Inc. (NASD) panel of arbitrators, is hereby GRANTED as to all parties to the above-captioned actions. It is

FURTHER ORDERED that all motions by defendants for confirmation of the arbitration award are hereby DENIED. It is

FURTHER ORDERED that the civil proceedings in the above-styled consolidated actions are hereby REINSTATED. It is

FURTHER ORDERED that this case is hereby SET FOR TRIAL before this court on Monday, June 3, 1991, at 9:30 a.m.

DONE and ORDERED.