[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10114

Non-Argument Calendar

_____

KEVIN KARPEL,

Plaintiff-Appellant,

DANIEL BLONSKY,

Plaintiff,

*versus*

GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, et al.,

Defendants,

2                      Opinion of the Court                      23-10114

KNAUF GIPS KG,
KNAUF PLASTERBOARD ( TIANJIN ) CO., LTD.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-24168-RNS

_____

Before ROSENBAUM, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Kevin Karpel appeals the district court's November 30, 2022 order dismissing his action and imposing attorney's fees as sanctions under Fed. R. Civ. P. 16(f) but leaving the amount of fees to be determined. Karpel filed his notice of appeal on December 29, 2022, before the district court entered its January 3, 2023 order determining the amount of attorney's fees to be awarded, and he did not file a new or amended notice of appeal after entry of the January 3 order. We conclude that the November 30 order was not final or otherwise appealable and, thus, Karpel's notice of appeal was premature.

We generally only have jurisdiction to review final decisions of district courts that end the litigation on the merits and leave

nothing for the court to do but execute the judgment. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Generally, a pending request for attorney's fees by a prevailing party is a collateral matter that does not affect finality. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 197, 199–202 (1988); *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 180-81, 183–86, 189–90 (2014). However, orders imposing attorney's fees as sanctions are different. In *Jaffe v. Sundowner Properties, Inc.*, we concluded that an appeal from an order dismissing an action and awarding attorney's fees as a sanction under Fed. R. Civ. P. 37(d) was not final because the amount of attorney's fees had not yet been determined. 808 F.2d 1425, 1426–27 (11th Cir. 1987). We reasoned that the award of attorney's fees was "not separable from the imposition of the dismissal sanction." *See id.* at 1427.

*Jaffe*'s reasoning applies with equal force here. Thus, there was no final order until the district court entered its January 3 order determining the amount of attorney's fees to be awarded, which Karpel did not appeal. *See Jaffe*, 808 F.2d at 1426–27. Moreover, the January 3 order did not cure the premature appeal because the November 30 order was an interlocutory order that could not be appealed under Fed. R. Civ. P. 54(b). *See Robinson v. Tanner*, 798 F.2d 1378, 1382–83 (11th Cir. 1986) (discussing this Court's precedent to explain that, when appeals are taken from interlocutory orders not appealable under Rule 54(b), subsequent entry of final judgment cannot cure those premature appeals); Fed. R. Civ. P. 54(b)

4                    Opinion of the Court                    23-10114

(providing that a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties").

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  All pending motions are DENIED as moot.