[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10136

Non-Argument Calendar

_____

SHONA BLONSKY,

Plaintiff-Appellant,

DAN BLONSKY,

Consol Plaintiff-Appellant,

*versus*

GERBRUEDER KNAUF
VERWALTUNGSGESELLSCHAFT, KG, et al.,

Defendants,

2                    Opinion of the Court                    23-10136

KNAUF GIPS KG,
KNAUF PLASTERBOARD ( TIANJIN ) CO., LTD.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-24214-RNS

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Shona and Daniel Blonsky appeal the district court's November 30, 2022 order dismissing their action and imposing attorney's fees as sanctions under Fed. R. Civ. P. 16(f) but leaving the amount of fees to be determined.  They filed their notice of appeal on December 29, 2022, before the district court entered its January 3, 2023 order determining the amount of attorney's fees to be awarded, and they did not file a new or amended notice of appeal after entry of the January 3 order.  The defendants have moved to dismiss the appeal for lack of finality.  We conclude that the November 30 order was not final or otherwise appealable and, thus, the notice of appeal was premature.

We generally only have jurisdiction to review final decisions of district courts that end the litigation on the merits and leave nothing for the court to do but execute the judgment. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Generally, a pending request for attorney's fees by a prevailing party is a collateral matter that does not affect finality. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 197, 199-202 (1988); *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 180-81, 183-86, 189-90 (2014). However, orders imposing attorney's fees as sanctions are different. In *Jaffe v. Sundowner Properties, Inc.*, we concluded that an appeal from an order dismissing an action and awarding attorney's fees as a sanction under Fed. R. Civ. P. 37(d) was not final because the amount of attorney's fees had not yet been determined. 808 F.2d 1425, 1426-27 (11th Cir. 1987). We reasoned that the award of attorney's fees was "not separable from the imposition of the dismissal sanction." *See id.* at 1427.

*Jaffe*'s reasoning applies with equal force here. Thus, there was no final order until the district court entered its January 3 order determining the amount of attorney's fees to be awarded, which the plaintiffs did not appeal. *See id.* at 1426-27. Moreover, the January 3 order did not cure the premature appeal because the November 30 order was an interlocutory order that could not be appealed under Fed. R. Civ. P. 54(b). *See Robinson v. Tanner*, 798 F.2d 1378, 1382-83 (11th Cir. 1986) (discussing our precedent to explain that, when appeals are taken from interlocutory orders not appealable under Rule 54(b), subsequent entry of final judgment cannot

cure those premature appeals); Fed. R. Civ. P. 54(b) (providing that a "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties"). The January 3 order applied to the plaintiffs' case because (1) the November 30, 2022 order that the January 3 order followed-up on and finalized explicitly applied to the plaintiffs' case; (2) the January 3 order was filed in a docket that the district court had ordered the plaintiffs to file documents in, and the court had entered other orders only in that docket that applied to the plaintiffs' action; and (3) the January 3 order provided the case number for plaintiffs' case and described the November 30 order as applying to that case.

Accordingly, the motion to dismiss is GRANTED and this appeal is DISMISSED for lack of jurisdiction. All other pending motions are DENIED as moot.