[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12432

Non-Argument Calendar

_____

UNITED PARCEL SERVICE INC.,

Plaintiff-Appellee,

*versus*

ANDY T. WILLIAMSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00480-MLB

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.

Andy Williamson appeals the district court's June 21, 2024 order granting United Parcel Service, Inc.'s ("UPS") motion to dismiss Williamson's counterclaims and its motion for sanctions pursuant to Fed. R. Civ. P. 37. The court dismissed Williamson's counterclaims with prejudice and ordered him to pay the reasonable expenses and attorney's fees that UPS incurred for his missed deposition.

We lack jurisdiction over Williamson's appeal because the district court's June 21, 2024 order is not final or otherwise appealable for several reasons. First, UPS's claims against Williamson remain pending, and the district court did not certify the order for immediate review pursuant to Fed. R. Civ. P. 54(b). *See* 28 U.S.C. § 1291 (providing jurisdiction to review only "final decisions of the district courts"); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (noting that an order is a final decision if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (noting that an order that disposes of fewer than all claims against all parties to an action is not immediately appealable absent certification pursuant to Rule 54(b)). Second, the district court has not determined the amount of the attorney's fees award imposed as sanctions against

Williamson.  *See Jaffe v. Sundowner Properties, Inc.*, 808 F.2d 1425, 1427 (11th Cir. 1987) (holding that a sanction order entered pursuant to Rule 37 is not final or otherwise appealable until the amount of the attorney's fees award is determined).  Lastly, the June 21, 2024 order is not effectively unreviewable on appeal from a final judgment resolving the case on the merits.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that an order that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is effectively unreviewable on appeal from a final judgment).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.