**In re M. Charles McBEE, Debtor.**

**PATERNO IMPORTS, LTD., an Illinois corporation, Plaintiff,**

v.

**M. Charles McBEE, Defendant.**

**Bankruptcy No. 91–34241–T.**
**Adv. No. 92–3011–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

June 2, 1992.

James S. Crockett, Jr., John R. Sloan, Mays & Valentine, Richmond, Va., for debtor/defendant.

Archie C. Berkley, Berkeley, DeGaetani & Frye, Richmond, Va., for plaintiff.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On January 13, 1992, the plaintiff filed a complaint under Bankruptcy Code Section 523(a)(2) to determine the dischargeability of a debt evidenced by a fraudulent guaranty executed by the defendant in favor of the plaintiff. In his answer debtor denied having any fraudulent intent and subsequently filed a motion for summary judgment claiming that a pre-petition judgment in a case between the parties operates as res judicata to bar the complaint. In opposition to debtor's motion, plaintiff filed a memorandum which asserts the existence of material issues of fact and the lack of a final judgment on the merits in the prior suit.

Hearing on debtor's summary judgment motion was held on April 15, 1992, and the issue was taken under advisement. For the reasons given in this memorandum opinion, I hold that the plaintiff's dischargeability complaint is not precluded by res judicata, and the debtor's motion for summary judgment will be denied.

### Findings of Fact

The debtor filed a voluntary chapter 7 petition on October 10, 1991. Subsequently, Paterno Imports, Ltd. ("Paterno"), filed a complaint to determine the dischargeability of its debt evidenced by a guaranty that was executed allegedly with fraudulent intent by the debtor in the principal amount of $199,793.75. Debtor's summary judgment motion claims that the complaint is precluded by a pre-petition judgment rendered in the United States District Court for the Eastern District of New York on September 18, 1991. The gravamen of debtor's contention is that the complaint in the prior case listed allegations of fraud; and because the fraud was litigated before the district court and no fraud was found, the issue should not be reheard again in the bankruptcy court.

In the prior suit the district court had split its ruling by finding for the plaintiff Paterno on the obligation of debt but declining to rule on the claim alleging fraud. The district court explained its decision by stating that because it had ruled in favor of the plaintiff on the debt, then it was unnecessary to make a determination with respect to plaintiff's claim for relief due to the fraudulent inducement.

For the bankruptcy court's consideration of debtor's summary judgment motion, debtor's counsel submitted copies of plaintiff's complaint in the district court case, an affidavit and a transcript of testimony of defendant taken in the district court case, and the district court's judgment order. The plaintiff submitted copies of affidavits by Paterno's corporate credit director and previous counsel, as well as a memorandum and order denying defendant's motion for summary judgment in the district court case.

### Conclusions of Law

A motion for summary judgment is governed by Bankruptcy Rule 7056, a rule that incorporates Fed.R.Civ.P. 56 in adversary proceedings. Under this rule a court may consider pleadings, answers to interrogatories, admissions, and any affidavits in order to determine if there is any genuine issue as to any material fact in the proceeding before the court. Fed.R.Civ.P. 56(c). If there is no material issue of fact to be established at a trial and the movant is entitled to judgment as a matter of law,

then the court may grant summary judgment.

Here, the defendant seeks summary judgment that a pre-petition district court judgment bars hearing plaintiff's complaint for exception from discharge in the bankruptcy court. The basis for defendant's motion is that the doctrine of res judicata precludes the plaintiff from relitigating the allegedly fraudulent transaction presented to the district court.

The doctrine of res judicata bars relitigation in a second suit involving the same parties based on the same cause of action if the court in the first suit issued a judgment on the merits. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). A separate though similar doctrine, collateral estoppel, applies where "the second action is upon a different cause of action(,) and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). The Supreme Court has further explained the difference between the two doctrines by stating, "whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979) (citations omitted).

Although these doctrines are so closely related as to be used simultaneously in some instances, *e.g., Raynor v. M & M Transmissions,* 922 F.2d 1146, 1149 (4th Cir.1991), they must be considered separately for the facts presented in the present case. Here, collateral estoppel will not apply because the fraud alleged in the bankruptcy court was not actually litigated and necessary to the final judgment of the district court. *See, e.g., Combs v. Richardson,* 838 F.2d 112, 113 (4th Cir.1988).

The debtor argues that res judicata should apply to bar the bankruptcy court from deciding the issue of fraud subsequent to the district court's entering a judgment. The debtor correctly notes that two instances of fraud were listed in the district court complaint; that both frauds were subject to full litigation; that the parties have privity sufficient to establish their identities as "same parties"; and that a final judgment was entered by the district court, which had full jurisdiction to hear the matter. Although these facts contribute to an application of res judicata, they fail to complete the elements necessary to invoke the doctrine. Missing from these facts is a final judgment by the prior court specifically on the fraud cause of action, after it had been properly raised and litigated. *See, Gregory v. Mitchell,* 634 F.2d 205 (5th Cir.1981) (refusing to apply res judicata where the judgment in the prior case covered threshold decisions of standing, and not decisions on the merits);

> For a prior judgment to bar a subsequent action, it is firmly established (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits.

*Id.* at 206.

Since the district court explicitly declined to rule on the claim of fraud, then the judgment from the district court does not supply a basis for res judicata to bar Paterno's complaint in the adversary proceeding. To apply res judicata here would punish the plaintiff for failing to take further costly steps seeking a final ruling on the fraud complaint after having received a ruling in its favor on the debt complaint. This would controvert the intention of the res judicata doctrine, which promotes judicial economy by encouraging reliance on judicial decisions and freeing the courts to resolve other disputes. *Brown v. Felsen,* 442 U.S. at 131, 99 S.Ct. at 2209.

An additional purpose of res judicata is to "protect ... litigants from the burden of relitigating an identical issue with the same party or one in privity with that party."

*Hudgins v. Davidson,* 127 B.R. 6 (Bankr. E.D.Va.1991). However, this protection cannot be utilized to prevent the creditor from meeting "the new defense of bankruptcy which ... [the debtor] has interposed between ... [the claim holder] and the sum determined to be due him." *Brown v. Felsen,* 442 U.S. at 127, 99 S.Ct. at 2205. Here, the debtor would like to use res judicata to prevent Paterno from ever receiving a judicial determination of whether the debt was fraudulently incurred. However, this would not be an appropriate application of the doctrine.

In order for the bankruptcy court to determine whether a fraud was committed which would render the debt non-dischargeable, the debtor's motion for summary judgment will be denied.

An order denying defendant's motion for summary judgment dated June 2, 1992, was entered.